AZELLA F. SMITH and Others v. GEORGE T. BARR and Others.

June 9, 1899.

Nos. 11,640—(148).

| 76 | 513 |
|----|-----|
| s83 | 355 |
| 76 | 513 |
| e85 | 287 |
| e85 | 287 |

### Action to Cancel Administrator's Sale of School-Land Certificates— Venue.

The defendants purchased at administrator's sale a large quantity of lands as one lot and for a lump sum. They had sold and disposed of some of these lands, but still held a part of them. An action was brought against them by the heirs and present administrator of the deceased, alleging these facts, and that the administrator's sale was void, and asking that the defendants be compelled to reconvey the lands which they still held, and to account for the proceeds of those which they had sold. *Held,* that the action was properly brought in the county where the defendants resided, although none of the lands were situated in that county.

### Same—Accounting—Relief.

The accounting for the proceeds of the lands which had been disposed of was not merely incidental and auxiliary to the recovery in specie of the lands still remaining undisposed of, but was itself a part of the principal and primary relief asked for in the action.

### Same—Concurrent Jurisdiction.

Whether the district court for the county or counties in which the lands undisposed of were situated would have concurrent jurisdiction of the action, quære.

### G. S. 1894, § 5183—Jurisdiction.

The word "jurisdiction," as used in the last clause of G. S. 1894, § 5183, construed; modifying or explaining the language of Kretzchmar v. Meehan, 74 Minn. 211.

Action in the district court for Blue Earth county praying that an administrator's sale of the interest of one Penfield A. Foster, deceased, in certain lands be declared null and void, that defendants Hubbard and Palmer, the purchasers thereof, be required to reconvey all interest in said lands not disposed of by them, and that they be required to account for the proceeds of all interest in said lands of which they had disposed. A motion was made by defendants to dismiss the action on the ground that the lands were not

76 M.—33

situated in Blue Earth county, and that hence the court had no jurisdiction over the subject-matter of the action, which motion the court, Severance, J., denied.   Afterwards the case was tried before the same judge, who found as a fact that all the lands which were the subject of the action were situated in other counties than Blue Earth, and as conclusions of law that the court had no jurisdiction of the subject-matter of the action and that defendants were entitled to have the action dismissed.   From a judgment entered pursuant to the findings and order for judgment, defendants appealed. Reversed.

*Thomas Hessian*, for appellants.

The action is primarily for an accounting, and is personal, and the county where defendants reside is the only county in which it can be maintained.   Godfrey v. White, 43 Mich. 171.   The Rawson contract was not for a deed, but for an assignment of school-land certificates, the title to the land being in the state.   There is a wide difference between a contract for the assignment of a contract and one for a deed.   Roche v. Marvin, 92 N. Y. 398.   In support of the complaint counsel cited Hartley v. Croze, 38 Minn. 325; Townshend v. Goodfellow, 40 Minn. 312, 317; Blodgett v. Hitt, 29 Wis. 169; Gillett v. Needham, 37 Mich. 143; Haug v. Primeau, 98 Mich. 91; Needham v. Salt Lake, 7 Utah, 319; G. S. 1894, §§ 4525, 4527, 4574, 4575, et seq.; 2 Dembitz, Land Titles, 1163, 1220, 1224; Sullivan v. Missouri, 117 Mo. 214; Burns v. Allen, 93 Tenn. 149; International v. Fortassin (Tex. Civ. App.) 23 S. W. 498; Llano v. Watkins, 4 Tex. Civ. App. 428; McCord v. Massey, 155 Ill. 123; Culver v. Hardenbergh, 37 Minn. 225; Reigher v. McCormick, 11 Minn. 420 (545); North, Prob. Prac. 219, 230; Croswell, Exrs. 254, note, 287–291, 301; Gary, Prob. Law, §§ 39, 237, 264, 265, 478, 532; Borders v. Hodges, 154 Ill. 498.

*A. R. Pfau* and *Lorin Cray*, for respondents.

MITCHELL, J.[1]

The only question presented by this appeal is whether the district court for Blue Earth county had jurisdiction of the action.

[1] BUCK, J., did not vote.

The allegations of the complaint may be summarized as follows: One Foster died intestate, owning an equitable estate and interest in over 7,000 acres of land situated in various counties in this state, but none of it in Blue Earth county. The nature and source of this interest was as follows: One Rawson held and owned certificates of sale of the land, executed by the commissioner of the state land office, entitling him to patents therefor upon payment of deferred instalments of the purchase money. Rawson executed to Foster a contract to sell and assign to him these certificates, and all his interest in the lands therein described, upon Foster's paying him $12,388.51 (of which $2,782.40 was paid cash down), and paying to the state what was due it for purchase money. Foster being a resident of Blue Earth county, his estate was administered in that county, and the defendant Barr appointed administrator of it.

The complaint then alleges a pretended sale, under license from the probate court, by the administrator to the defendants Hubbard and Palmer of all Foster's interest in all the lands described in the Rawson contract as one lot for a lump sum which was less than one-eighth of its actual value. This, it is alleged, was in accordance with, and the result of, a fraudulent conspiracy between the administrator and the purchasers. The complaint also alleges certain defects and irregularities in the probate proceedings relating to the sale. By reason of this fraudulent conspiracy and these defects and irregularities, it is claimed that the administrator's sale is void. It is further alleged that since that sale the purchasers had, before the commencement of this action, sold and disposed of a large portion of these lands, the exact amount of which is to the plaintiffs unknown.

The relief demanded by the plaintiffs (who are the heirs of Foster and the present administratrix of his estate) is (1) that the administrator's sale be declared null and void; (2) that the purchasers Hubbard and Palmer be required to reconvey to the plaintiffs all the estate or interest conveyed or assigned to them by the administrator's sale, in all of the lands which had not been sold and disposed of by them; (3) that they be required to account for the proceeds of any and all lands which they had sold.

Before the trial began the defendants made a motion to dis-

miss, on the ground that the court had no jurisdiction of the action for the reason that none of the lands were situated in Blue Earth county. At first the court denied the motion, but, having changed its views, subsequently granted it upon the ground that this action was one for the recovery of real property or of an estate or interest therein, or for the determination of such right or interest, within the meaning of G. S. 1894, § 5183, and therefore the district court for Blue Earth county had no jurisdiction of the action; none of the lands which were the subject of it being situated in that county.

The fact that Foster's estate was administered in Blue Earth county has no bearing upon the question. This is not an appeal from the probate court of that county. Neither is it material that the license to sell included lands situated in Blue Earth county. The sale of the lands in that county is not assailed; hence those lands are no part of the subject of this action. We are quite clear that if all the. lands sold at the administrator's sale were still held by the original purchasers, and the only relief asked was to compel them to reconvey the lands, the action would have to be brought in a county where some part of the lands is situated. The sole subject of the action in such case would be the lands themselves. On the other hand, if all the lands had been sold by the purchasers at the administrator's sale, and the action had been merely to compel them to account for the proceeds, then clearly the action would have been properly brought in Blue Earth county, where the defendants reside. Such an action would be merely one for an accounting, and its subject would have been the proceeds, and not the lands, although the validity of the administrator's sale would be involved.

The doubt, if any, in this case arises out of the fact that part, but not all, of the lands has been disposed of, and the relief sought consists of an accounting for the proceeds of the lands which have been disposed of, as well as a recovery in specie of those which remain. Of course the plaintiffs could not deprive the defendants of the right to have an action for recovery of real property brought and tried where the land, or some part of it, is situated, by unnecessarily uniting with it another matter which is transitory. But this is not such a case. The sale of all the lands together for a lump sum being an entirety, it was necessary to the granting of any re-

lief to have an accounting of the proceeds of the lands which had been sold, as well as of the purchase money, taxes paid, and rents and profits, in order to determine the conditions upon which a reconveyance should be decreed. It would be impossible to divide the matter into two separate actions,—one to recover in specie the lands remaining, and another to recover the proceeds of the lands disposed of. If the latter relief was merely auxiliary and incidental to the former, as undoubtedly the matters of purchase money, taxes paid, and rents and profits would be, then the action would be primarily and principally an action for the recovery of real property, within the meaning of the statute, and could only be brought in a county where some of the land was situated.

But our opinion is that the relief asked for by way of an accounting for the proceeds of the lands which have been disposed of by the defendants is not merely incidental and auxiliary to the recovery of the remaining lands, but is itself a part of the primary and principal relief asked for in the action. Inasmuch as the general rule is that actions must be brought and tried where the parties reside, and that they must be brought and tried where the subject-matter is situated is the exception to the rule, it has been frequently held that, to bring a case within the exception, the subject-matter must be wholly local; that is, exclusively within the exception. But without deciding this question, and assuming that the district court in any of the counties in which any of these lands are situated would also have jurisdiction of this action, we are of opinion that the court in Blue Earth county had at least concurrent jurisdiction.

Although the matter may not be directly involved in this case, yet, in order to avoid misapprehension hereafter by reason of some rather broad language used in Kretzschmar v. Meehan, 74 Minn. 211, 77 N. W. 41, it is proper to state that, in our opinion, the last clause in section 5183, viz. "the court therein shall have no jurisdiction of said action," is not to be construed as meaning that the court has no jurisdiction of the subject-matter of the action, in the full sense in which that term is ordinarily used. The district court of the state, which in a proper sense is one court, has jurisdiction of actions for the recovery of real property. We have no doubt

that, notwithstanding the statute, the district court for any county in the state would, with the express consent of both parties, have jurisdiction to try any action for the recovery of real property, although no part of the property was situated in that county, which would not be the fact if the court had no jurisdiction of the subject-matter, in the ordinary meaning of that term.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.