STATE ex rel. S. R. CHILD v. DISTRICT COURT OF CHIPPEWA
COUNTY and Others.[1]

January 17, 1902.

Nos. 12,901—(216).

## Venue of Civil Actions.

The general rule is that civil actions must be brought and tried in
the county where the defendants reside. That they must be brought
and tried where the subject-matter is situated is the exception to such
rule.

## Judgment Lien.

The general lien of a judgment on land confers only a right to levy
on the same to the exclusion of other adverse interests subsequent to
the docketing of the judgment. A judgment, or the lien thereof, is not
an estate or interest in land.

## Same after Levy of Execution.

The nature of the lien is not changed by the levy of an execution.
By such levy the execution creditor does not acquire an estate, right,
or interest in the land levied on, within the meaning of G. S. 1894, §§
5182, 5183.

## Action to Vacate Judgment.

Where an action is brought to set aside and vacate a judgment, to
vacate and set aside a transcript and the docketing thereof, in a county
other than the one in which the judgment was obtained, and also to
vacate and set aside a levy upon real estate in such other county,
made by virtue of an execution issued and delivered to the sheriff
thereof, the primary and principal object of the action is to vacate and
set aside the judgment. Vacating and setting aside the transcript and
docketing and the levy of the execution are merely incidental to the
primary and principal object.

## Transitory Action.

Such an action is transitory, and not local. It is to be tried in the
county in which the defendant resides.

## Change of Venue.

In the case at bar there were six defendants. Three (including the
judgment creditor) resided in the same county, two were nonresidents,
and the other was the sheriff making the levy. No relief was demanded

[1] Reported in 88 N. W. 755.

against any of the defendants except the creditor, and none of the other defendants, save the sheriff, in his official capacity, were shown to have any rights or interests in the matter at issue. *Held*, that the creditor was entitled to have the place of trial changed from the county in which the land was situated to the county in which he resided upon making a demand and filing his affidavit showing the facts as above stated.

Alternative writ of mandamus issued from the supreme court on relation of S. R. Child, directed to the district court for Chippewa county, the Honorable Gorham Powers and the Honorable G. E. Qvale, judges thereof, and others, to review an order of said court denying relator's motion to strike a certain cause from the calendar of said court, and to compel respondents to transmit the files of said action to the district court for Hennepin county. Peremptory writ granted.

*S. R. Child, T. H. Salmon* and *M. O. Little,* for relator.

*W. A. McDowell, N. L. Erickson* and *C. A. Fosness,* for respondents.

COLLINS, J.

The question here presented is perplexing, and grows out of the rather indefinite wording of G. S. 1894, §§ 5182, 5183, relating to the place of trial of civil actions. Section 5182 is as follows:

"Actions for the following causes shall be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial as hereinafter provided. First. For the recovery of real property, or of an estate or interest therein, or for the determination, in hereinafter provided. First. For the recovery of real property, Second. For the partition of real property. Third. For the foreclosure of a mortgage of real property. Fourth. For the recovery of personal property detained for any cause."

This section seems to have been taken bodily from the New York Code, and is found in the earliest of our territorial statutes, except that the word "detained," in the fourth subdivision, was for many years "restrained," a change having been made by statute in 1876. Section 5183 is of more recent origin, and was first enacted in 1885. It does not differ from section 5182 in so far as concerns this case.

The pertinent facts here are that in the year 1898 one Hosmer

entered and docketed in the district court of Hennepin county a money judgment against Kittie L. Hart, her husband, and several other persons. This judgment was subsequently assigned to the relator, Child. Immediately afterwards a transcript thereof was duly docketed in Chippewa county, in this state. The debtor, Mrs. Hart, before mentioned, then owned real property in that county, upon which the judgment became a lien under the statute. Later she conveyed this real estate to one Fitzgerald, and he conveyed to the respondent Rich, both conveyances being warranty deeds in form, containing full covenants against incumbrances. In August, 1901, this relator, as the judgment creditor, caused an execution to be duly issued out of and under the seal of the district court of Hennepin county, directed to and delivered to the sheriff of Chippewa county, and thereupon the latter levied upon the land in question, and took the proper steps toward making sale thereof under the execution.

Thereupon Rich, as owner of the land, began an action in Chippewa county against relator, Child, Mrs. Hart, her husband, Fitzgerald, Hosmer, and the sheriff of said county, alleging in his complaint, among other things, that there was no proof on file in the proper office of the service of any summons in the original action upon the defendant Kittie L. Hart; that she did not appear in said action, and that as a matter of fact no summons or process of any kind or nature was ever served upon her in any manner; that at the time he purchased the land from Fitzgerald, and for a valuable consideration, he had no knowledge of said purported judgment, or that a transcript thereof had been docketed in said Chippewa county; and that said judgment was, for the reasons before stated, improperly, without authority of law, and contrary thereto, entered against said Kittie L. Hart. The relief sought, according to the demand in the complaint, was that it be adjudged and decreed that no judgment was ever recovered or docketed against Mrs. Hart in the district court of Hennepin county in the action in which Hosmer was the plaintiff; that the transcript of such judgment so filed in the office of the clerk of said district court for Chippewa county be set aside, and the docketing thereof vacated; and that Child has no right, title, interest, claim, demand, or lien,

legal or equitable, in or upon the real property on which the levy had been made, and which had been conveyed to Rich, as before stated.

The defendant Child seasonably undertook to change the place of trial of said action to Hennepin county, in which he had resided for many years. This attempt was resisted by Rich, and the question presented by this order, to show cause why a peremptory writ of mandamus should not issue commanding and directing the judges of the district court of Chippewa county and the clerk thereof to transfer said action and to transmit all files therein to Hennepin county, involves the proper place of trial of the action under our statute; Mr. Child contending that the action is transitory, and properly triable in the county in which he resides, while Mr. Rich insists that it is a local action, and must be tried in the county in which the real property is situated, unless removed for cause. In brief, his claim is that the real property is the subject of the action because the levy has been made and a sale advertised by the sheriff. It is conceded that, if the action is for the determination in any form of a right or interest in real property, within the meaning of section 5182, it was properly brought, and should be tried in Chippewa county.

It must be admitted that prior to the levy of the execution the lien of the judgment was not an estate or interest in real property under all of the decisions.

In Ashton v. Slater, 19 Minn. 300 (347), it was said, quoting from Conard v. Atlantic Ins. Co., 1 Pet. 386: "A general lien by judgment on land  *  *  *  only confers a right to levy on the same to the exclusion of other adverse interests subsequent to the judgment.  *  *  *  In short, a judgment creditor has no jus in re, but a mere power to make his general lien effectual by following up the steps of the law, and consummating his judgment by an execution and levy on the land."

And, further: "A judgment lien is not an estate or interest in the land. It is held that 'it only confers a right to levy on the land to the exclusion of other adverse interests subsequent to the judgment,' "—citing 3 Parsons, Cont. 275. See also 2 Freeman, Judgm. § 338.

Prior to the year 1874, when the statutes relating to the quieting of title to real estate did not permit, in terms, the bringing of an action to determine a lien upon real property asserted by another, as it now does, it was held that a lien was not such an estate or interest in land as to make it a proper subject for adjudication in an action under that statute. Turrell v. Warren, 25 Minn. 9.

As having a bearing on the present question, we have been referred to Smith v. Barr, 76 Minn. 513, 79 N. W. 507, and Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939.

The Smith case was brought to cancel and set aside an administrator's sale of a number of parcels of land, and for an accounting as to a quantity thereof which had previously been disposed of by the purchasers at such sale, the claim being that a conspiracy had been entered into between the administrator and the purchasers, which resulted in the sale to the latter for about one-eighth of the value of the property. We held that the action was properly brought in the county wherein the defendants resided, although none of the lands were situated therein. It was said that the relief asked for by way of an accounting was not merely incidental and auxiliary to a recovery of the unsold lands, but was itself a part of the primary and principal relief asked for in the action. The court then stated that: "Inasmuch as the general rule is that actions must be brought and tried where the parties reside, and that they must be brought and tried where the subject-matter is situated is the exception to the rule, it has been frequently held that, to bring a case within the exception, the subject-matter must be wholly local; that is, exclusively within the exception."

In the Kommer case the action was brought to cancel a mortgage on real property situated in Chippewa county, and to expunge the record thereof. We were clearly of the opinion that it was an action brought to determine a right or interest in real estate within the meaning of the statute fixing the place of trial of civil actions. It was really an action brought to prevent and restrain the foreclosure of a real-estate mortgage, a foreclosure which could only be made in the county in which the land was situated. If the mortgage could be foreclosed in Chippewa county

only, it would seem to follow that an action to restrain such fore-closure could be brought in that county only.

It is to be noticed that while the language in the first subdivision of section 5182 is quite general when speaking of an estate, right, or interest in real property, it was not intended or expected to cover all actions relating to rights and interests in real property, because the second subdivision provided for actions of partition, and the third for the foreclosure of mortgages upon real property. From these two subdivisions it seems obvious that the preceding subdivision was not regarded as sufficiently broad to include either of the actions mentioned in the second and third, and probably other, actions affecting real property.

The principal object of the action now in question is to set aside the purported judgment upon the ground that, as a matter of fact, the alleged judgment debtor, Kittie Hart, was never served with the summons in any manner, and consequently no valid judgment could be entered against her. She would have the same right of action as has Rich, and for the same reason. It seems plain that she could proceed in Hennepin county only, and, if so, why can Rich proceed in another county? Setting aside the transcript and vacating the docketing in Chippewa county are merely incidental to this main object. If the judgment is set aside for want of jurisdiction over the debtor's person, the transcript, the docketing thereof, the execution, and the levy must also fall. They merely appertain to the judgment, and their removal naturally and inevitably follows. They have no vitality. The transcript and the docketing in the county of Chippewa was for the purpose of obtaining a general lien upon all real property belonging to the debtor situated in that county, and it had that effect only. The execution was issued for the purpose of enforcing this lien, and when the levy was made the nature of the lien did not change. Rich's title, as the present owner of the land, was not devested by the levy, nor were his rights or interests transferred by that act in any manner.

If the judgment creditor obtained no right or interest in this land when he secured a general lien upon it,—and there is no doubt as to this,—how can it be held that he obtained a right or

interest by simply causing steps to be taken to enforce the lien through the agency of the execution? By seizing property under an execution the creditor is simply proceeding towards securing the payment of his debt. In fact, he may never have or acquire any further or other right or interest or estate in the land, for the lien may be terminated, and the execution satisfied, by a sale of the premises to a third party. The sale is public, and to the highest bidder. The purchaser may then acquire a right or interest within the meaning of the statute, but up to that time no person has acquired such a right or interest.

Cases have been cited from other jurisdictions by counsel for both parties, but we do not care to review them. They are not directly in point, and simply have a slight bearing upon the question. We hold that the primary and principal object of the action brought by Rich was to vacate and set aside the judgment. If he succeeds, the real property is relieved of all claims against it, because those growing out of the lien and the levy are simply incidental to the judgment itself. Our conclusion is that the cause is properly triable in the county in which the relator, Child, resides, and that the rule to show cause must be made absolute.

It is claimed by the respondents' counsel that in attempting to transfer the case the relator failed to comply with the statute (Laws 1895, c. 28). Six defendants are named. Three of them are residents of Hennepin county; two are nonresidents; and one, the sheriff, must reside in Chippewa county. No specific relief is asked as against the sheriff, in whose hands the execution was placed, and who is seeking to enforce it. In fact, no relief is asked as against any of the defendants except the relator, Child. The relator alone is interested in the result, unless it be the sheriff, whose only interest is official and subsidiary to that of the relator. Certainly, the plaintiff in the original action is not entitled to take advantage of the statute which requires a majority of defendants, where residing in different counties, to join in the application for change of place of trial by simply naming them as defendants. The statute cannot be so construed.

Let the writ issue as prayed for.