STATE ex rel. TEOFILA LIJESKI v. DISTRICT COURT OF BIG STONE COUNTY.[1]

January 20, 1913.

Nos. 18,029–(274).

**Venue — local action.**

An action to set aside deeds executed and delivered by plaintiff to defendant, on the ground that they were procured by fraud and misrepresentation of defendant, and that by decree the title be reinvested in her, in which defendant sets up in his answer a counterclaim, alleging ownership of the lots conveyed, is local, and not transitory, and should be tried in the county where the land is located. [Reporter].

Teofila Lijeski, plaintiff in an action against Kashm'r C. Frozina, moved the district court for Big Stone county for an order remanding the action to the district court for Ramsey county, from which it had been removed. The order was denied by Flaherty, J. Plaintiff thereupon obtained from this court an order directing the judge and clerk of the district court for Big Stone county to show cause why a peremptory writ of mandamus should not issue, directing them to remand the action to the district court for Ramsey county. The matter was heard upon the relation of plaintiff and the return. Peremptory writ to issue.

*Newgren & Bjorklund,* for relator.

*F. W. Murphy,* for respondents.

· 1 Reported in 139 N. W. 613.

PER CURIAM.

The district court of Big Stone county denied relator's motion to remand an action begun by her in the district court of Ramsey county against one Frozina, and which had been removed under the provisions of section 4096, R. L. 1905, to the district court of Big Stone county. The relator thereupon obtained from this court an order to show cause why a peremptory writ of mandamus should not issue directing the judge and clerk of the district court of Big Stone county to remand said cause to the district court of Ramsey county. .

The complaint in the action involved states that plaintiff on a day certain owned two lots, describing them, in the city of St. Paul, Ramsey county, Minnesota; that on said day she executed and delivered to defendant, as grantor, two deeds thereby conveying said lots to him; that ever since defendant has been in possession of and has collected the rent from said lots. It is also alleged that said deeds were procured by fraud and misrepresentation of defendant, that plaintiff received no consideration for, and did not intend to convey the property to defendant, nor did she know the character of the instruments. She asks that the deeds be declared null and void, and that by decree in the action the title to said estate he reinvested in her.

We are of opinion that the action is local, and not transitory. The purpose is to restore the title to plaintiff in land in the possession of defendant. It is not similar to the case of State v. District Court of Pine County, 94 Minn. 370, 102 N. W. 869, 3 An. Cas. 725, where a vendor brought an action to cancel a contract for conveyance of real estate and recover what was paid thereon. Therein it did not even appear that the fraudulent vendor owned the land.

The defendant in the action here involved is in no position to resist relator's contention that the action is local, for he sets up in his answer a counterclaim alleging ownership of the lots, that plaintiff asserts some title or claim to them, and asks the court to adjudge the title in him free from any claim of plaintiff. In Smith v. Barr, 76 Minn. 513, 79 N. W. 507, it is said: "We are quite clear that if all the lands sold at the administrator's sale were still held by the original purchasers, and the only relief. asked was to compel them to reconvey the lands, the action would have to be brought in a county where some part of the situated lands is situate." The primary object of the action is the title and ownership of land in Ramsey county. State v. District Court of Clay County, supra, page 99, 139 N. W. 135.

Let a peremptory writ issue.