STATE EX REL. D. S. B. JOHNSTON LAND COMPANY v. DIS-
TRICT COURT OF PENNINGTON COUNTY AND OTHERS.[1]

November 16, 1917.

No. 20,750.

**Venue — local action — construction of statute.**

 1. Section 7715, G. S. 1913, providing for the trial of actions concern-
ing rights and interests in real property in the county where the land
is located, applies only to such actions as are wholly local, as distinguish-
ed from those that are partly local and partly transitory.

**Same — specific performance of land contract.**

 2. The action for the specific performance of a contract for the sale
of land is not wholly local in its essential respects, and as to the place
of trial is controlled by G. S. 1913, § 7721.

**Same.**

 3. Such an action is local or in rem only incidentally and to the extent
the judgment therein may decree title to the land in the event the de-
fendant refuses to convey the same in obedience to the command of the
court.

Upon the relation of D. S. B. Johnston Land Company the supreme
court granted its alternative writ of mandamus directed to the district
court of Pennington county and the judges and clerk thereof, command-
ing them to transmit the files and records in an action by J. W. Mc-
Gilvrey against relator company from Pennington county to Ramsey
county. Motion for a peremptory writ granted.

*Moore, Oppenheimer & Peterson* and *F. C. Hodgson,* for relator.
*Theo. Quale,* for respondents.

BROWN, C. J.

Action in the district court of Pennington county for the specific per-
formance of a contract for the sale and conveyance of certain land sit-
uated therein. Defendant is a domestic corporation with its place of

[1]Reported in 164 N. W. 1014.

business in Ramsey county, and before the expiration of the time to answer duly demanded a change of venue to that county on the ground of its residence therein.   The clerk of the Pennington county district court refused to make the change by a transmission of the files in the action to the clerk of the Ramsey county court, and the district court of Pennington county[1] denied defendant's motion for an order requiring him to do so.   Thereupon defendant sued out from this court an alternative writ of mandamus commanding a transfer of the action to Ramsey county.   A return to the writ was duly made by respondents and the question involved was submitted to the court upon the briefs of counsel.

The only question presented is whether the action for specific performance of a contract to convey land is local, and within section 7715, G. S. 1913, triable only in the county where the land is located.   We answer the question in the negative.

The rule of the common law, as indicated by the authorities, is that the action is personal in its nature, therefore transitory and triable in the county where the parties reside.   In the absence of statutory provisions to the contrary the rule is applied by practically all the courts. 20 Enc. Pl. & Pr. (2d ed.) 398-400; Dehart v. Dehart, 15 Ind. 167; Rouke v. McLaughlin, 38 Cal. 196; Loaiza v. Superior Court, 85 Cal. 11, 24 Pac. 707, 9 L.R.A. 376, 20 Am. St. 197; Burrall v. Eames, 5 Wis. 260; Lindley v. O'Reilly, 50 N. J. Law, 636, 15 Atl. 379, 1 L.R.A. 79, 7 Am. St. 802; Morgan v. Bell, 3 Wash. 554, 28 Pac. 925, 16 L.R.A. 614; Brown v. Desmond, 100 Mass. 267; Gardner v. Ogden, 22 N. Y. 327, 78 Am. Dec. 192; Worthington v. Lee, 61 Md. 530; Johnston v. Wadsworth, 24 Ore. 494, 34 Pac. 13; Massie v. Watts, 6 Cranch, 148, 3 L. ed. 181; Boswell's Lessee v. Otis, 9 How. (U. S.) 326, 13 L. ed. 164; Epperly v. Ferguson, 118 Iowa, 47, 91 N. W. 816; Close v. Wheaton, 65 Kan. 830, 70 Pac. 891.   While some diversity of opinion may appear in the adjudged cases, we have found no well considered case holding that the action is wholly and entirely in rem, except as pointed out in Boswell's Lessee v. Otis, supra; though there can be no doubt that it may be partly in rem and partly in personam.   Burrall v. Eames, 5 Wis. 260.

In many of the state jurisdictions, including this state, statutes have been enacted requiring the trial of actions involving rights and interests in real property in the county where the land is located, and these

[1][Grindeland, J.]

enactments have been variously construed by the courts. 36 Cyc. 773. Our statute (section 7715), makes no direct mention of actions for specific performance, though it does provide generally that actions for the determination in any form of an estate or interest in lands shall be tried in the county where the land is situated. We have heretofore construed this statute as applicable only to such actions as are wholly local, as distinguished from those which are partly local and partly transitory. Smith v. Barr, 76 Minn. 513, 79 N. W. 507; State v. District Court of Pine County, 94 Minn. 370, 102 N. W. 869, 3 Ann. Cas. 725. The action clearly is not wholly local, and within the rule stated is not controlled by section 7715, but by section 7721, which gives a defendant the right of trial in the county of his residence. The object of the action is to compel defendant to perform his contract by the execution to plaintiff of a deed of the land. It is personal in its essential particulars, and in rem only incidentally and to the extent the final judgment may decree a transfer of the land in the event defendant refuses to comply with the command of the court to execute a proper deed. But that feature does not make the action local nor render section 7715 applicable: 40 Cyc. 57. That the court has jurisdiction to so decree though the land be within another judicial district, is sustained by our decisions. Gill v. Bradley, 21 Minn. 15; 1 Notes on Minn. Reports, 856. And, following the rule stated in the Smith case, supra, to the effect that section 7715 applies only to actions wholly local, we hold that the action for specific performance of a contract for the sale of land, brought by the vendee against the vendor, is transitory and triable in the county in which the defendant resides, though the land be situated in some other county.

Let a peremptory writ issue.