STATE EX REL. CLEMENT K. QUINN v. DISTRICT COURT OF ITASCA COUNTY, ETC.[1]

February 2, 1923.

No. 23,153.

**Change of venue properly granted.**
The subject matter of this action is the establishing of the existence of a copartnership, an accounting of its affairs and the transfer of an interest in certain mining leases. *Held* that the action is partly local and partly transitory, and that the change of venue was properly granted.

Upon the relation of Clement K. Quinn the supreme court granted an order directing the district court of Itasca county and the Honorable C. W. Stanton, judge thereof, to show cause why a peremptory writ of mandamus should not issue requiring the judge and clerk to vacate the order of the court transfering the place of trial of an action brought by relator against Butler Brothers from Itasca county to Ramsey county. Order discharged.

*Fryberger, Fulton, Hoshour & Ziesmer* and *Victor L. Power*, for relator.

*Butler, Mitchell & Doherty*, for respondents.

[1]Reported in —— N. W. ——.

QUINN, J.

Butler Brothers is a Minnesota corporation, with an office in Ramsey county and one in Itasca county. The individual defendants own all the stock in that corporation. An appearance was made in this case by all the defendants except Cooley Butler, who resides in the state of California.

The action was commenced and the complaint and a notice of lis pendens were filed in Itasca county. John Butler resides in St. Louis county, and Walter and Emmett Butler live in Ramsey county. All the defendants except Cooley joined in a demand for a change of the place of trial from Itasca to Ramsey county, where the greater number of the defendants reside. The court below granted the motion and filed an order changing the venue as asked by defendants. The cause came to this court by mandamus to have the propriety of the order granting the change passed upon.

The decisive question presented is whether the action is local within the meaning of section 7715, G. S. 1913, or transitory and subject to the provisions of section 7721. This brings us directly to a consideration of the pleadings, from which the character of the action must be determined.

It is set forth in the complaint, in effect, that the defendant company was duly incorporated and that the individual defendants own all of its corporate stock; that plaintiff is a mining engineer and has special knowledge of the location and value of wash ores on the western Mesaba Range; that in 1912 he informed the defendants of the value of wash ores and that he had a refusal of a certain lease and knew of other lands that could be procured under lease, and offered to go into a partnership with defendants.

The plaintiff further alleges, in effect, that thereupon he entered into a partnership agreement with the individual defendants and William Butler, now deceased, for the taking over of leases on lands containing wash ores; that it was agreed between the parties to such agreement that such partnership would either work and operate the mines upon all lands so taken over and sell the ore, or would sell the leases outright, as might afterward be deemed the more profitable; that, as a part of such partnership agreement, plaintiff was to

have an undivided one fourth interest in and to all the leases, lands and profits, and that the other partners should have three fourths. The answer puts in issue the forming of any copartnership as alleged in the complaint or otherwise.

The complaint further sets forth, in effect, that it was agreed in the partnership contract that, in case the mines were operated, the partners other than plaintiff should advance all the moneys necessary to strip the mines and get the ore ready for market, and reimburse themselves therefor out of the first moneys received from the sale of ore. He then alleges that the Quinn Mining Company was organized; that it took over the lease upon which he had a refusal; that thereafter plaintiff examined other mining lands; that he negotiated with the owners thereof and conferred with defendants in relation thereto, and that during all of such negotiations it was understood and agreed between him and the other copartners that, in case such leases were taken over, no matter in whose name, the same were to be partnership property upon the basis stated.

It is further alleged that, unknown to the plaintiff, the leases procured were taken over in the name of Butler Brothers, or some other parties; that thereafter the partnership took possession of the lands and proceeded to strip and open up the mines and ship ore, and that defendants have reimbursed themselves for their advances in the premises; that plaintiff demanded a conveyance to him of a one-fourth interest in and to such leases and lands, which was refused; that the copartner, William Butler, is deceased; that the leases were not recorded, and that Butler Brothers is trustee ex maleficio of the leases for the partnership.

The case of McFarland v. Martin, 144 Cal. 771, 78 Pac. 228, relied upon by plaintiff is unlike the case at bar in that there the partnership was a going concern, and the plaintiff and defendants were actually engaged in working the mines and extracting minerals therefrom. Here the question, whether there ever was a copartnership, is an issue to be tried out, and, according to the complaint, the copartnership was in possession of the property at the time of the death of one of the copartners, which, as a matter of course, would necessitate an accounting of the partnership affairs. No

claim is made that an accounting of the partnership affairs has ever been had. The complaint, unlike the pleading in the case last cited, is sufficient to entitle the plaintiff to an accounting of the affairs of the copartnership, if there ever was such an entity. The prayer in the complaint asks, among other things, that the court, by its decree, transfer and vest in plaintiff the title to an undivided one-fourth interest in the leases and all other property or interests acquired in said lands, pursuant to the terms of the partnership agreement, and that plaintiff have such other relief as to the court may seem just and equitable.

We have then for consideration a case involving the question whether there ever was such a copartnership, and if so, then for an accounting of its affairs as of the time of the death of one of its members in March, 1916, and, lastly for a transfer of an undivided interest in the mining leases.

It is perfectly apparent that the action is partly local and partly transitory. Section 7715 of the statute applies only to actions which are wholly local. State v. District Court of Pennington County, 138 Minn. 336; 164 N. W. 1014. The grievance of which plaintiff complains is the withholding from him of title to a one-fourth interest in the leases, by defendant, which he claims he is entitled to under the partnership agreement. It is clear that plaintiff can have no decree conveying to him an interest in the land until he has first established the existence of a copartnership and obtained an accounting of its affairs. While the action insofar as it relates to a conveyance of an interest in the land is local, yet an action to establish the existence of a copartnership is purely transitory, as is also one for an accounting. We are of the opinion and hold that the action is not wholly local, but is partly local and partly transitory, that the place of trial was properly changed to Ramsey county, and that the writ of mandamus should be dismissed. It is so ordered.