WILLIAM E. HUMPHREY v. JAMES T. McCLEARY AND OTHERS.[1]

April 4, 1924.

No. 23,652.

**When action will lie.**

When debtor is insolvent nonresident, creditor may maintain action in equity to set aside alleged fraudulent conveyance without first obtaining service on debtor or lien against the property sought. [Reporter.]

Action in the district court for Murray county to recover $4,750 and to have certain deeds declared fraudulent. From an order Nelson, J., sustaining defendant Bowens' separate demurrers to the complaint, plaintiff appealed. Reversed.

*Elliott, Doll & Coursolle,* for appellant.

*Leroy Bowen,* for respondents.

PER CURIAM.

This is an action to establish a charge of fraud in the sale of certain corporate stock by the defendant, James T. McCleary, to the plaintiff, and to obtain judgment therefor. Also to set aside certain deeds to two quarter-sections of land in Minnesota, given by the defendants James T. McCleary and wife to the defendant Leslie T. McCleary, and also deeds to the same land, given by the latter to the defendants Bowen, and to have the personal judgment against the defendant James T. McCleary adjudged a lien upon the land. At the commencement of the action a notice of lis pendens was filed in each of the counties wherein the land is located. The summons was served upon the defendants Bowen personally. It was not served upon any of the McClearys and they have in no manner appeared in the action. According to the allegations contained in the complaint, they are each insolvent and nonresidents of the state. The defendants Bowen appeared and demurred to the complaint upon the following grounds: First, that several causes of action are improperly united; and second, that the facts alleged are not sufficient to constitute a cause of action. From an order sustaining the demurrer, plaintiff appealed.

The controlling question presented by this appeal is whether a creditor may maintain an action in equity to procure the setting aside of an alleged fraudulent conveyance of real estate, where the debtor is insolvent and a nonresident of the state, without first obtaining service upon the

[1]Reported in 198 N. W. 132.

debtor or procuring a lien against the property sought to be reached. The identical question has twice been before this court and answered in the affirmative. The case of Overmire v. Haworth, 48 Minn. 372, 51 N. W. 121, 31 Am. St. 660, was to enforce a resulting trust under chapter 43, G. S. 1878, as respects certain land in this state which, upon purchase, was conveyed by the vendor directly to the defendant, Mrs. Haworth, her husband having paid the whole consideration therefor. In that case the plaintiff was a contract creditor of the husband, who was insolvent and a nonresident. The husband never owned any property in this state, and the court held that the plaintiff did not have an adequate and effectual remedy at law and that equity would afford him relief.

The case of Rule v. Omega Stove & Grate Co. 64 Minn. 326, 67 N. W. 60, cited by appellant, is in point. In that case the debtor was an insolvent, nonresident corporation, beyond the reach of process of the courts of this state, and, as in the case of Overmire v. Haworth, supra, had no property in the state upon which a lien by attachment, or otherwise, might be had. It had ceased to do business, disposed of all of its assets, and had no property, and it was held that the complaint stated a cause of action.

The fraudulent transfer is alleged to have been made in March, 1920. Chapter 415, p. 642, Laws 1921, did not become operative until January, 1922, and has no application. Following the decisions above cited, we hold that the complaint states a cause of action. The order appealed from is reversed, without prejudice to the rights of the respondents to answer in the case.

Reversed.