# STATE EX REL. JALLMER F. NYQUIST v. DISTRICT COURT OF SWIFT COUNTY.[1]

October 9, 1925.

No. 25,131.

**Subject of action must be wholly local to bring it within exception to rule requiring trial to be where defendant resides.**

1. It is the general rule that actions must be tried where the defendant resides, and the requirement that certain actions shall be tried where the subject matter is situated is an exception to the rule, and to bring a case within the exception the subject matter must be wholly local.

**Action to cancel land contract for fraud triable where defendant resides.**

2. Where an action is brought to cancel a contract on the ground of fraud, the subject matter is the contract and the primary relief sought is its cancelation, and the action is triable where the defendant resides, although it may incidentally involve the determination of rights in real estate.

1. See Venue, 40 Cyc. pp. 19, 54, 96.
2. See Venue, 40 Cyc. p. 102.

Upon the relation of Jallmer F. Nyquist the supreme court directed the Honorable G. E. Qvale, judge of the district court for Swift county, to show cause why a peremptory writ should not issue directing him to reverse the order of that court, granting plaintiff's motion to transfer the case of Skinnes v. Nyquist from Kandiyohi county to Swift county. Peremptory writ granted.

*John I. Davis* and *Oscar Hallam,* for relator.

*J. A. Lee, C. A. Fosnes* and *John C. Haave,* for respondent.

TAYLOR, C.

Ole O. Skinnes brought an action in Swift county against Jallmer F. Nyquist to cancel a contract whereby the plaintiff had agreed to

[1]Reported in 205 N. W. 284.

convey a farm in Swift county to the defendant and the defendant, as the consideration therefor, had agreed to convey certain real estate in Kandiyohi county to the plaintiff. The plaintiff alleged as the ground for the action that the defendant had fraudulently misrepresented the character and condition of the Kandiyohi county property. He also alleged that he had executed a deed for the Swift county land and asked that this deed be canceled. He did not allege that this deed had been delivered, nor that the defendant had executed any conveyance of the Kandiyohi county property, nor that any change of possession had taken place.

The defendant is a resident of Kandiyohi county and duly made an affidavit and demand for a change of venue to that county. The clerk of the court of Swift county transferred the files to the clerk of the court of Kandiyohi county. The plaintiff, claiming that the action was a local action triable only in Swift county, made a motion for an order sending the case back to that county. The court granted the motion and sent the case back. The defendant then procured an order from this court requiring the district court to show cause why a writ of mandamus should not issue requiring that court to transfer the case from Swift county to Kandiyohi county.

Section 9214, G. S. 1923, provides that all actions not enumerated in sections 9207 to 9213 shall be tried in the county in which the defendant resides. Section 9207 provides that actions for the recovery of real estate or for the determination of an estate or interest therein shall be tried in the county in which the real estate or some part thereof is situated. Whether the facts set forth as a cause of action and the relief sought therein bring a particular case within one or the other of the sections cited, is so frequently a matter of doubt that it has given rise to many controversies.

Actions triable where the defendant resides are termed transitory; those triable where the subject matter is situated are termed local. It is settled by prior decisions that the requirement that actions shall be tried where the defendant resides is the general rule, and that the requirement that certain actions shall be tried where the subject matter is situated is an exception to that rule,

and that to bring a case within the exception the subject matter must be wholly local. Smith v. Barr, 76 Minn. 513, 79 N. W. 507; State ex rel. v. District Court, 85 Minn. 283, 88 N. W. 755; Hunt v. Dean, 91 Minn. 96, 97 N. W. 574; State ex rel. v. District Court, 94 Minn. 370, 102 N. W. 869, 3 Ann. Cas. 725; State ex rel. v. District Court, 138 Minn. 336, 164 N. W. 1014; State ex rel. v. District Court, 146 Minn. 422, 178 N. W. 1004; State ex rel. v. District Court, 154 Minn. 397, 191 N. W. 814.

Actions on contracts including those relating to real estate have always been recognized as transitory. Little v. C. St. P. M. & O. Ry. Co. 65 Minn. 48, 67 N. W. 846, 33 L. R. A. 423, 60 Am. St. 421. Among the actions held to be transitory are the following: An action for the specific performance of a contract although the judgment may operate to pass title, State ex rel. v. District Court, 138 Minn. 336, 164 N. W. 1014; State ex rel. v. District Court, 141 Minn. 491, 169 N. W. 420; an action to cancel a land contract for fraud and to recover the purchase money paid, State ex rel. v. District Court, 94 Minn. 370, 102 N. W. 869, 3 Ann. Cas. 725; an action to vacate a levy on real estate and set aside the judgment under which it was made, State ex rel. v. District Court, 85 Minn. 283, 88 N. W. 755; an action for damages for fraud and for the cancelation of a deed of land in this state and of mortgages on land in another state, State ex rel. v. Jelley, 134 Minn. 332, 159 N. W. 788; an action to cancel a trust agreement and the deeds executed thereunder, and to have plaintiff decreed to be the owner of the real estate conveyed by the deeds and for an accounting, State ex rel. v. District Court, 146 Minn. 422, 178 N. W. 1004; an action to establish that plaintiff had an interest as a partner in certain mines and mining leases amounting to an undivided one-fourth thereof, and to have the court vest in him the title to such one-fourth, and for an accounting of the partnership affairs, State ex rel. v. District Court, 154 Minn. 397, 191 N. W. 814; an action to set aside an administrator's sale of real estate and require the purchasers to account for the proceeds of the lands disposed of and reconvey those still retained by them, Smith v. Barr, 76 Minn. 513, 79 N. W. 507.

An action to enjoin the foreclosure of two mortgages, one on real estate; the other on chattels, and to cancel the mortgages and the note secured thereby, and expunge the real estate mortgage from the records was held to be local in Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939; but the weight of that decision as authority was somewhat weakened by the comment in State ex rel. v. District Court, 94 Minn. 370, 102 N. W. 869, 3 Ann. Cas. 725. An action to set aside a foreclosure sale and redeem from the mortgage was held to be local in Casserly v. Morrow, 101 Minn. 16, 111 N. W. 654. In both these cases consideration was given to the fact that actions to foreclose mortgages are local. An action asking for a judgment canceling a deed as fraudulently procured and revesting the title in the vendor, it appearing that the vendee was in possession of the land under the deed, was held to be local in State ex rel. v. District Court, 120 Minn. 526, 139 N. W. 613.

The prior decisions may not be entirely consistent in all respects, yet they establish these general rules: That where the subject matter of an action is land only and the primary and principal relief sought relates to the land, the action is local and must be tried where the land is situated; that where the subject matter is a contract and the primary and principal relief sought is to enforce it, or to determine the rights and obligations growing out of it, or to have it annulled as invalid, the action is transitory and must be tried where the defendant resides, although it may also involve the determination of rights in or title to real estate.

The present action is brought to cancel a contract and a deed executed pursuant thereto on the ground that the plaintiff was induced to enter into the contract by fraudulent misrepresentations. The subject matter of the action is the contract, and the primary and principal relief sought is to have it canceled. Plaintiff must establish a right to have the contract canceled in order to obtain any relief under this complaint. If he establishes that right, he may also have the right to have the deed canceled as an incidental part of the relief to which he will then be entitled, but in that event only.

We think that under the rules stated this action clearly falls within the class of actions triable in the county in which the defendant resides. Let a peremptory writ issue.