STATE EX REL. MARY ANN CAIRNEY v. DISTRICT COURT
OF STEVENS COUNTY AND OTHERS.
IN RE ESTATE OF JOHN H. DEVENNEY.[1]

October 25, 1929.

No. 27,777.

*Thomas J. Mangan* and *O. K. Alger,* for relator.
*Murphy & Johanson, John J. Fahey* and *Joseph J. Moriarty,* for
respondents.

WILSON, C. J.

Plaintiff brings this action in Stevens county against the repre-
sentatives of the estate of John H. Devenney, deceased, and the
heirs of said decedent, to obtain a decree of the court adjudging
her to be the owner of an undivided two-thirds of all the real and
personal property owned by decedent at the time of his death, sub-
ject only to the expenses of administration. She bases her right to
such decree upon an alleged oral contract between her and the de-
cedent, entitling her to the said portion of his property upon his

[1]Reported in 227 N. W. 202.

death. She alleges that she has performed her part of the contract, which involved special care, services, filial affection and companionship.

The defendant heirs, being a majority in number, served the usual affidavits and demand for a change of venue to Stearns county, wherein two of them reside. Proof thereof was filed with the clerk of court in Stevens county, who refused to transfer the files to the clerk of the district court in Stearns county. Defendants answered, laying the venue in Stearns county. The answers deny the claims of plaintiff. Plaintiff replied, laying the venue in Stevens county. She also noticed the case for trial in that county and caused the same to be placed upon the September, 1929, general term calendar. At the call of the calendar defendants appeared specially and moved that the court strike the case from the calendar, claiming that the venue had been changed to Stearns county. The motion was granted. Plaintiff then procured the usual alternative writ of mandamus from this court requiring the lower court to proceed with the trial of the cause or show cause why not. The return has been made.

This court, in State ex rel. Nyquist v. District Court, 164 Minn. 433, 205 N. W. 284, in the second paragraph on page 436, announces the rule that must govern cases of this character. The application of the rule however to this particular case is not free from difficulty.

This action does not involve land only but also a large amount of personal property. True, plaintiff hoped to reach real estate, but the whole controversy hinges on the alleged contract. That is the issue. It covers personalty as well as realty. Its establishment is the primary purpose of the action. To establish it is to enforce it. The establishment really means performance. Actions arising out of such an alleged contract may relate to either realty or personalty. Relator contends that this action is in rem and not in personam and in the nature of an action to quiet title. In a measure that is true. She further claims that the land is the primary and principal subject of the action; that no claim is made against any defendant, they being made parties so they may come in and defend the property against plaintiff's claim thereto. We cannot adopt this view.

The heirs really stand in the shoes of the decedent, and the contract is the subject of the action whether it relates to realty or personalty. We conclude that, under the rule of the Nyquist case, 164 Minn. 433, 205 N. W. 284, this is a transitory action and venue has been changed.

The writ is discharged.