## STATE EX REL. CORA LINCOLN SMITH AND OTHERS v. DISTRICT COURT OF HENNEPIN COUNTY AND OTHERS.[1]

January 28, 1938.

No. 31,654.

*Wilson & Blethen,* for relators.
*T. O. Streissguth,* for respondents.

[1]Reported in 277 N. W. 353.

Per Curiam.

Order to show cause why a peremptory writ of *mandamus* should not issue to change the place of trial from the county of Brown to the county of Hennepin. The venue was laid in Hennepin county, but on motion of defendants, residents of Brown county, the court, Winfield W. Bardwell, Judge, ordered the venue changed to Brown county. Plaintiffs claim the action to be local, defendants that it is transitory. If the latter, the writ should be denied. The complaint must furnish the basis for the decision. The substance thereof may be stated thus:

On West Lake street and James avenue in Minneapolis there are two lots fronting east on James avenue. On each is a building fronting east. On the rear or west 46 feet of the two lots is another building fronting north on Lake street. These lots and buildings were separately encumbered by mortgages in 1928. On each a mortgage had been foreclosed. Plaintiffs were the owners of the equity of redemption. W. W. Smith, the father of Arthur B. Smith and the father-in-law of his wife, Cora Lincoln Smith, promised plaintiffs to liquidate the mortgages and obtain title to the properties for the benefit of Cora and either to convey the same to her when title was obtained or to will them to her. Plaintiffs assented to his so doing and, relying thereon, did not redeem, which they could have done. W. W. Smith did acquire title but, owing to failing mind and memory, caused the title so acquired to vest in himself and his wife, Ada C. Smith, as joint tenants. W. W. Smith died testate in 1933 without either devising or conveying any of said property to said Cora Lincoln Smith, and the time for filing claims against his estate has expired. Defendant Ada C. Smith conveyed all of said property to her son, defendant Herbert W. Smith. That such conveyance was without consideration and that said Herbert had full knowledge of the promise and agreement of W. W. Smith, his father, with plaintiffs. It is alleged that the value of the three properties was $60,000, and the encumbrances liquidated were less than half of such value. Plaintiffs were in possession prior to 1928, and have since continued in possession and have collected rent up to May 1 last, since which time defendant Herbert

W. Smith has collected all the rent except for the apartment occupied by plaintiffs.

As a second cause of action the complaint realleges the facts in the first cause of action to the end that, if no relief may be had upon the first cause, the court may decree the properties redeemable from the encumbrances thereon as the same existed in 1928.

The prayer for relief is that Cora Lincoln Smith be adjudged the owner in fee of the property and each defendant be adjudged to have no interest therein or rights thereto; that the deeds thereto to defendants Domeier, Ada C. Smith, and Herbert W. Smith be adjudged void; that defendants be ordered to quitclaim said premises to Cora Lincoln Smith; that defendants Smith be required to account for rents collected since May 1, 1937; that judgment be given against defendants Smith individually for amounts so collected; and that plaintiffs have such other relief as may be just and equitable.

It is entirely clear that plaintiffs' cause of action must wholly rest upon the existence of a contract between them and W. W. Smith, deceased, whereby he, after acquiring title to the properties, was to convey or will the same to plaintiff Cora Lincoln Smith. By proper allegations, not necessary now to refer to, W. W. Smith occupied a fiduciary relation to plaintiffs, which he afterwards repudiated by dealing with the properties as his own and refusing to perform his promise to will or convey the same to his daughter-in-law as he agreed. Unless the plaintiffs are entitled to have specific performance of this alleged agreement, they are, under the allegations of the complaint, entitled to no relief. The plaintiff Cora Lincoln Smith, the only plaintiff who claims to be entitled to the properties, never was the owner, nor had at any time legal or equitable title thereto, so she could not maintain an action to determine adverse claim to this real estate, and no cancellation of any conveyance from her to W. W. Smith would vest title in her. This situation disclosed by the complaint is not like those in State ex rel. Goodin v. District Court, 184 Minn. 504, 239 N. W. 143; State ex rel. Lijeski v. District Court, 120 Minn. 526, 139 N. W. 613; State ex rel. Beise v. District Court, 150 Minn. 512, 185 N. W.

953. The facts upon which both causes of action must rest is wholly upon a contract of which Cora Lincoln Smith is the beneficiary, a contract the specific performance of which can be compelled, or for the breach of which damages may be awarded. An action for specific performance is transitory. State ex rel. Johnston Land Co. v. District Court, 138 Minn. 336, 164 N. W. 1014; State ex rel. Peterson v. District Court, 141 Minn. 491, 169 N. W. 420; State ex rel. Nyquist v. District Court, 164 Minn. 433, 205 N. W. 284; Quinn v. Butler Bros. 167 Minn. 463, 209 N. W. 270; State ex rel. Cairney v. District Court, 178 Minn. 373, 227 N. W. 202.

It is true the prayer for relief is that Cora Lincoln Smith be decreed owner in fee and defendants be adjudged to have no interest in or right to the properties, but there are other prayers for relief, such as that defendants be required to quitclaim to Cora, that plaintiffs have judgments individually against defendants for rents collected, and that plaintiffs, not merely Cora, have such relief as seems just and equitable. So the cause of action is *in personam* also.

In whatever view may be taken of the complaint, it states no cause of action either in behalf of Cora Lincoln Smith alone or in connection with the other plaintiffs except as it arises from the alleged contract, which, if established, is a transitory action, which may be specifically enforced wherever defendants may be found.

The order to show cause is discharged.