# ELWOOD J. MARION AND ANOTHER v. ARTHUR R. MILLER AND ANOTHER.
## VICTOR VIK, RELATOR.[1]

April 24, 1953.

No. 36,080.

---

[1]Reported in 58 N. W. (2d) 185.

*Sullivan, Stringer, Donnelly & Sharood* and *David R. Roberts,* for relator.

*Oppenheimer, Hodgson, Brown, Baer & Wolff, Edward L. Rogers,* and *Robert G. Renner,* for respondents.

KNUTSON, JUSTICE.

On or about October 22, 1947, plaintiffs, who were then residents of Ohio, purchased from defendants Arthur R. Miller and Ruth F. Miller on a contract for deed a certain resort property in Cass county in this state. Thereafter, plaintiffs brought an action against defendants alleging fraud and deceit in the sale of the property and recovered a verdict of $20,402.50. On appeal, we affirmed. Marion v. Miller, 237 Minn. 306, 55 N. W. (2d) 52. Rehearing was denied on October 17, 1952. On October 28, 1952, at 10 a. m., plaintiffs entered and docketed judgment upon the verdict so obtained only to find that at 9:10 a. m. on the same day a quitclaim deed had been recorded with the register of deeds of Cass county wherein defendants Miller had conveyed the property involved to defendant Victor Vik.

Thereafter this action was commenced to set aside such deed as a fraudulent conveyance. The action was commenced in Cass county. Service was obtained on defendant Vik, who resides in Ramsey county. The sheriff was unable to make service upon the Millers. Upon demand of defendant Vik, the clerk of Cass county transferred the file to Ramsey county. Motion was thereafter made by plaintiffs for a remand to Cass county upon the grounds that the action was local in nature and therefore triable in Cass county; that the case could

be tried more expeditiously in Cass county; and that it should be remanded for convenience of witnesses and for the promotion of the ends of justice. The district court of Ramsey county ordered the case remanded and in an attached memorandum stated that in its opinion the action was local in character and consequently triable in Cass county and also that the case should be tried in Cass county for the convenience of witnesses. On application of defendant Vik, we issued our alternative writ of mandamus commanding the district court of Ramsey county to return the proceedings from Cass county to Ramsey county or show cause why it had not been done. The case is now here on the order to show cause.

The pertinent portion of applicable statutes is M. S. A. 542.09, which reads:

"All actions not enumerated in sections 542.02 to 542.08 shall be tried in a county in which one or more of the defendants reside when the action is begun. If none of the parties shall reside or be found in the state, or the defendant be a foreign corporation, the action may be begun and tried in any county which the plaintiff shall designate,"

and § 542.02, which reads:

"Actions for the recovery of real estate, the foreclosure of a mortgage or other lien thereon, the partition thereof, the determination in any form of an estate or interest therein, and for injuries to lands within this state, shall be tried in the county where such real estate or some part thereof is situated, subject to the power of the court to change the place of trial in the cases specified in section 542.11, clauses (1), (3), and (4). If the county designated in the complaint is not the proper county, the court therein shall have no jurisdiction of the action."

The complaint[2] alleges only an action for setting aside a fraudulent conveyance. The prayer for relief demands:

---

[2]"Plaintiffs for their complaint aver:

"I.

"That on or about October 22nd, 1947 plaintiffs and the defendants,

"(1) That the defendants, Arthur R. Miller and Ruth F. Miller required specifically to perform said agreement;

"(2) That the aforesaid conveyance to the defendant, Victor Vik be declared void and the judgment be declared a lien on said property.

"(3) Damages in the sum of Two thousand ($2,000) Dollars.

"(4) That plaintiffs have judgment against the defendants for costs and disbursements."

■ The great weight of authority supports the view that, under statutes the same as or similar to ours, actions to set aside conveyances of land fraudulent as to creditors affect the title to property and are local in character and triable in the county where the land

---

Arthur R. Miller and Ruth F. Miller entered into an agreement in writing, a copy of which is hereto annexed as Exhibit 'A'.

"II.

"That plaintiffs recovered a verdict against the defendants, Arthur R. Miller and Ruth F. Miller in District Court, Fifteenth Judicial District, County of Cass, State of Minnesota, in the sum of Twenty thousand four hundred and two and 50/100 ($20,402.50) Dollars as damages for fraud and deceit in the sale of the real estate and personal property described in said Exhibit 'A' herein to plaintiffs; that said verdict was rendered on the 13th day of April, 1951; that subsequently said verdict was upheld by the Supreme Court of the State of Minnesota; that pursuant to notice served on the said two defendants judgment was entered and docketed in the office of the Clerk of Court, Cass County, Minnesota, in the sum of Twenty-two thousand three hundred thirty-eight and 06/100 ($22,338.06) Dollars against the defendants, Arthur R. Miller and Ruth F. Miller, on the 28th day of October, 1952, at 10 o'clock A. M.

"III.

"Defendants, Arthur R. Miller and Ruth F. Miller on or about October 27th, 1952 conveyed the real estate described in said Exhibit 'A', herein, to the defendant, Victor Vik for the purpose of defrauding plaintiffs and hindering and delaying the collection of the indebtedness evidenced by the judgment above referred to.

"IV.

"That plaintiffs now offer to pay to the defendants, Arthur R. Miller and Ruth F. Miller, the balance of the purchase price now due and owing under said agreement."

·is situated. Hunt v. Dean, 91 Minn. 96, 97 N. W. 574; Chapin v. Montcalm Circuit Judge, 104 Mich. 232, 62 N. W. 351; Acker v. Leland, 96 N. Y. 383; Iron Nat. Bank v. Dolge, 46 App. Div. 327, 61 N. Y. S. 680; Gem City Acetylene Generator Co. v. Coblentz, 86 Ohio St. 199, 99 N. E. 302, Ann. Cas. 1913D, 660 (citing Hunt v. Dean, *supra*); Ryckman v. Johnson, 190 Wash. 294, 67 P. (2d) 927 (citing Hunt v. Dean, *supra*); 2 Moore, Fraudulent Conveyances, c. 16, § 30; 24 Am. Jur., Fraudulent Conveyances, § 197; 67 C. J., Venue, § 97; see, also, Annotations, 49 A. L. R. 1168 and 107 A. L. R. 758.

■ Where the action is part local and part transitory, the statute (§ 542.02) does not apply. Yess v. Ferch, 213 Minn. 593, 5 N. W. (2d) 641; State ex rel. D. S. B. Johnston Land Co. v. District Court, 138 Minn. 336, 164 N. W. 1014.

■ An action for specific performance of a contract for the sale of land is transitory and triable in the county of defendant's residence. State ex rel. D. S. B. Johnston Land Co. v. District Court, *supra;* State ex rel. Smith v. District Court, 202 Minn. 75, 277 N. W. 353.

■ Under our present statute (§ 513.28), it is not necessary that judgment be entered, or a lien acquired on the property, in order to maintain an action to set aside a fraudulent conveyance. 3 Dunnell, Dig. & Supp. § 3923. See, Humphrey v. McCleary, 159 Minn. 535, 198 N. W. 132.

■ Whether the action is local or transitory must be determined from the complaint. Yess v. Ferch, *supra.*

■ While it is true that we have considered the prayer for relief in determining the nature of an action (State ex rel. Weld v. District Court, 146 Minn. 422, 178 N. W. 1004; State ex rel. Quinn v. District Court, 154 Minn. 397, 191 N. W. 814; State ex rel. Smith v. District Court, 202 Minn. 75, 277 N. W. 353), the bare prayer for relief, unsupported by any allegation of fact which would justify granting the relief prayed for, cannot be used to determine the nature of the action.

Here, the entire complaint alleges only a fraudulent conveyance. Clearly, specific performance of the contract could not be decreed under this complaint and we do not believe that plaintiffs seek specific performance. What they seek is to have the conveyance to Vik set aside so that their judgment may become an enforceable lien against the property in order that it may be offset or applied upon the balance of the contract. And we do not believe that the complaint alleges facts which would justify a recovery of damages, unless the damages sought are wholly ancillary to the action to set aside the conveyance. We need not now determine whether plaintiffs, in this action, can recover attorneys' fees and expenses of maintaining the action. See, 24 Am. Jur., Fraudulent Conveyances, § 231; Annotations, 49 A. L. R. 1168 and 107 A. L. R. 758. Even if they could recover such damages, they would be wholly ancillary to the main action and could not change the nature of the action itself. Aside from such recovery as an incidental part of the action, the complaint alleges no facts which would furnish the basis for recovery of damages. Moreover, that part of paragraph two of the prayer for relief, which asks that plaintiffs' judgment be declared a lien on the premises, does not change the nature of the action. If the conveyance to Vik is set aside, plaintiffs' judgment becomes a lien upon the land by operation of law under M. S. A. 548.09. No action on the part of the court would be necessary to bring about that result. Request for such relief is mere surplusage. Stripping the complaint to its bare essentials and considering only that part of the prayer for relief which could be granted under the allegations of the complaint itself, this is nothing more nor less than an action to set aside an alleged fraudulent conveyance. That part of paragraph two of the prayer for relief which demands that the conveyance be set aside states the only relief which could be granted under the allegations of the complaint. Therefore, the action is local in character and triable in the county where the land is situated.

Defendant Vik contends that our decision in Hunt v. Dean, 91 Minn. 96, 97 N. W. 574, *supra,* is not applicable for the reason that we held in that action that the case could be brought in *either* coun-

ty. We apprehend that defendant has misconstrued the application of the word "either." The above action was decided under G. S. 1894, § 5183, a statute similar to our present one, M. S. A. 542.02, which provides that actions specified therein "shall be tried in the county where such real estate or *some part thereof* is situated." (Italics supplied.) What we held in the Hunt case was that, where the action involved land in two counties, the action was triable in either of the counties in which part of the land was situated, as the statute expressly provides. The case does not hold, as defendant Vik apparently contends, that the case may be brought either in the county where the land is situated or the county of defendant's residence. This is evident from the following portion of our opinion in that case (91 Minn. 98, 97 N. W. 574):

"* * * A part of the real property involved in this action is situated in Ramsey county and a part in Carver county. The district court of Ramsey county has jurisdiction of an action to determine the allegations of the complaint respecting a part of the land situated in that county, and therefore it has jurisdiction of the entire subject-matter of the action."

Defendant Vik also apparently contends that Hunt v. Dean has been overruled by State ex rel. Nyquist v. District Court, 164 Minn. 433, 205 N. W. 284, State ex rel. Bd. of Water Commrs. v. District Court, 230 Minn. 507, 42 N. W. (2d) 201, and other cases of a similar nature or cases involving actions for specific performance of contracts to convey land. With this also we disagree. None of the cases which defendant Vik contends have overruled Hunt v. Dean involved an action by a creditor to set aside an alleged fraudulent conveyance. Care must be exercised to distinguish between actions such as State ex rel. Nyquist v. District Court, *supra,* and actions such as this. There the action was brought by one of the contracting parties to set aside a contract to sell land on the ground that another of the contracting parties had perpetrated a fraud. This action is brought by one who is not a party to the contract to set aside the conveyance so that land fraudulently conveyed may be reached by

the plaintiff as a creditor and applied upon a judgment which he holds against the defendant. In the former cases, we have held that the "subject matter of the action is the contract," State ex rel. Nyquist v. District Court, 164 Minn. 436, 205 N. W. 286, hence the action is transitory. In the latter type of case, the authorities are almost unanimous in holding that the action involves the determination of an estate or interest in land; hence, it is local.

The court correctly determined that the action is local in nature, comes within the provisions of § 542.02, and consequently is triable in Cass county.

■ In view of our decision on the above point, it is not necessary to consider whether the court abused its discretion in remanding the case for the convenience of witnesses. Change of venue for a convenience of witnesses is a matter resting largely in the discretion of the trial court. King v. Schultz, 231 Minn. 569, 43 N. W. (2d) 278; Miller v. Anchor Cas. Co. 233 Minn. 87, 45 N. W. (2d) 705.

Defendant Vik also contends that the venue should remain in Ramsey county for the reason that prejudice exists against defendants Arthur R. Miller and Ruth F. Miller in Cass county. While that may be true, it is a matter that should be addressed to the discretion of the trial court wherein the case properly is triable under our statute.

The alternative writ must be and is hereby quashed.

Mr. Justice Matson took no part in the consideration or decision of this case.