# STATE EX REL. CHRISTIAN A. PETERSON v. DISTRICT COURT OF PINE COUNTY AND OTHERS.[1]

November 15, 1918.

No. 21,182.

**Venue.**

An action for specific performance of an executory contract of sale of land is properly triable in the county where defendant resides. State v. District Court of Pennington County, 138 Minn. 336, 164 N. W. 1014, so held where the action was brought by the vendee. The same rule applies where the action, as in this case, is brought by the vendor. Peremptory writ of mandamus granted to change place of trial in accordance with this rule. [Reporter.]

Upon the relation of Christian A. Peterson the supreme court granted its order directing the district court for Pine county and the Honorable Jasper N. Searles, judge thereof, to show cause why a peremptory writ of mandamus should not be granted to reverse the order of that court denying relator's motion to strike from the calendar of the Pine county court the case

[1]Reported in 169 N. W. 420.

of Webb v. relator, and to transmit the papers and files in that action to the district court for Lyon county. Peremptory writ granted.

*James H. Hall*, for relator.

*W. S. Ervin* and *S. G. L. Roberts*, for respondents.

PER CURIAM.

Plaintiff contracted to sell and defendant contracted to buy a half section of land located in Pine county. Defendant defaulted in his payments and plaintiff brought this action in Pine county for specific performance of the contract and asked to have defendant's interest in the land sold to pay the amount found due under the contract. Defendant is a resident of Lyon county and duly made demand that the place of trial be changed to Lyon county. The district court of Pine county having refused to strike the case from the calendar of that county and transfer it to Lyon county, defendant applied to this court for a peremptory writ of mandamus commanding the district court to transfer the case to Lyon county.

In State v. District Court of Pennington County, 138 Minn. 336, 164 N. W. 1014, it was held that an action for the specific performance of an executory contract for the sale of real estate was not wholly local and was properly triable in the county in which the defendant resided. It is true that in that case the action was brought by the vendee while in this case it is brought by the vendor, but we see no good reason why the same rule as to place of trial should not apply in both cases, and hold that this case is controlled by that decision. Let a peremptory writ issue.