D. R. CRUM and RALPH L. CRUM v. RICHARD L. BAILY.

184 So. 774.

Division B.

Opinion Filed November 28, 1938.

*Martin & Martin,* for Appellants;

*Shackleford, Farrior & Shannon,* for Appellee.

PER CURIAM.—This is an appeal from an order dismissing the amended bill of complaint.

In another suit in equity, in which the same parties were involved, and which was begun before the instant suit, Richard L. Baily, the owner of the land in Polk County,

Florida, instituted his bill of complaint to enforce specific performance of a contract to convey the land. The bill was filed February 21, 1927. An affidavit of good faith was filed by complainant on March 7, 1927.

Decree *pro confesso* was entered in that case April 4, 1927. Final decree, awarding specific performance of the contract, was entered April 18, 1927.

The Court, on May 27, 1927, entered an order in that case overruling and denying a motion to vacate and set aside the decree *pro confesso* and final decree in the cause.

Another motion to vacate that decree *pro confesso* and final decree was filed February 9, 1934; and an amended motion to vacate was filed March 2, 1934.

On August 7, 1934, the court, in that case, entered what was styled as "final decree," vacating the decree *pro confesso* and the final decree previously entered, on the ground that the court was without jurisdiction, because the affidavit of good faith was not filed at the same time as the bill of complaint. On all other grounds of the amended motion, relief was denied.

On appeal to this Court, the "final decree" of August 7, 1934, vacating the decree *pro confesso* and the final decree, was reversed, the Court there saying:

"In this case there is an affidavit of good faith, tardily interposed, it is true, but nevertheless an affidavit of the character required by the statute. The defendant delayed seven years after the decree to move for a vacation of it. The Court will not assume in this case that the cause of action did not accrue in Polk County and does hold that the presentation of the motion raising the defendant's right or privilege to be sued in Hillsborough County is both too late and defective in not showing by the record that the cause of action did not accrue in Polk County." Bailey v. Crum, 120 Fla. 35, 162 So. 356.

The "final decree" appealed from in that case contained the following statement by the chancellor, indicating that the Crums, who were defendants in that suit, had instituted another suit as complainants seeking to have the same decree *pro confesso* and final decree vacated and set aside:

"Thereafter a bill was filed in another suit by the Defendants in this cause against the Complainant in this cause, attacking the validity of said final decree, but the only ground therein alleged as a basis for the relief prayed for was the same allegation of defective service contained in the original motion in the original suit, which had been denied, and after various proceedings, pro and con, this second suit reached a stage where the defendant therein, who is the complainant in this suit, was given a certain number of days. to plead to the bill of complaint, which was not done. That thereafter said suit remained pending and unfinished and without any answer filed, and subject to amendment by the Complainant to set up other grounds of attack on the validity of the decree if they had so desired. It further appears that instead of attempting to finish said suit, which would no doubt have necessitated an amendment setting up the various matters contained in the amended motion in this case, the Complainants in that suit being the Defendants in this suit, have filed an original motion and an amended motion to vacate and set aside the decree *pro confesso* and final decree in this cause. This hearing is on the said amended motion * * *."

It appears that after the decision in Bailey v. Crum, 120 Fla. 36, 162 So. 356, was rendered, the Crums then filed amendments to the bill that they had instituted as complainants. The bill of complaint filed by the Crums does not appear in the record, and we do not know what allegations it contained; but the "final decree" appealed from in Bailey v. Crum, 120 Fla. 36, 162 So. 356, recited that

the bill instituted by the Crums contained the same grounds as the original motion to dismiss, which had already been adjudged insufficient to justify the court in setting aside the decree *pro confesso* and final decree. Therefore, it is seen that the bill instituted by the Crums contained no new matter not already adjudicated adversely to them.

The amendments to the bill of the Crums are contained in the record before us, which is on appeal in the instant case. The bill of the Crums was amended in three particulars, as follows: (1) that the court was without jurisdiction because the subpoena in chancery was attempted to be served on the Crums by a constable in Hillsborough County; (2) that the service was void because Chapter 9183, Acts of 1923, amending Section 2598, Rev. Gen. Stat. 1920, is unconstitutional because in conflict with Sections 15 and 30 of Article V of the Constitution; and (3) that the decree *pro confesso* and final decree heretofore entered are void because the cause of action upon which this suit was based, did not accrue within Polk County, nor did the complainants or either of them reside in Polk County at the time of the institution of that suit.

Bailey filed an answer to the amended bill, embodying a motion to dismiss. The first two grounds of the motion to dismiss are:

"(1) That this defendant filed an answer in said cause on the 28th day of June, 1929, and that by virtue of said answer the complainants have no right to file an amendment to original Bill of Complaint under Section 29 of the 1931 Chancery Act, they not having obtained any consent of the defendant or leave of the Court to file such an amendment to their bill.

"(2) That all of the matters and things alleged in said original bill and the purported amendment thereto are *res adjudicata.*"

The court entered its order sustaining the motion to dismiss, and dismissed the amended bill of complaint. This appeal was then taken.

The motion to dismiss, in the instant case, sets forth that the bill of the Crums was filed on August 31, 1928, and that Baily filed an answer thereto on June 28, 1929. Then on July 6, 1935, almost six years later, the Crums filed an amendment to the bill of complaint without asking the consent of the Defendant Baily or without first obtaining leave of court. If, at the time of the amendment to the bill, there had been on file an answer thereto, as set forth in Bailey's motion, it would be a violation of Section 29 of the 1931 Chancery Act, then in effect, to so amend the bill, without the consent of Baily or leave of Court first obtained. But the "final decree" in the case of Bailey v. Crum, recited that no such answer was filed in the other case, instituted by the Crums, and consequently there was no violation of Section 29 of the 1931 Chancery Act, by amending the bill without first obtaining the defendant's consent or leave of court to do so.

The first part of the amendment to the bill, that the service was bad because made on the Crums by a constable in Hillsborough County, was subject to the motion to dismiss, because the court had previously decided against them on the issue of defective service, in the "final decree" appealed here in Bailey v. Crum, 120 Fla. 36, 162 So. 356, in which the Crums failed to take a cross appeal, and the ruling of the chancellor became the law of the case on that point.

The third part of the amendment to the bill of complaint, that the cause of action did not accrue in Polk County, nor did the complainants or either of them reside in Polk County, is insufficient, because it fails to allege also that the subject matter of the litigation is not located in Polk County. Sec. 4219 (2579) C. G. L., 1927. Objection to

venue should be made by plea in abatement, and is not available on demurrer, or after trial on pleas to the merits. Bucki v. Cone, 25 Fla. 1, 6 So. 160; Bishop v. Camp, 39 Fla. 517, 22 So. 735.

In the second part of the amendment to the bill of complaint the Crums raise, for the first time, the question of the validity of the statute, Chapter 9318, Acts of 1923, amending Sec. 2598, Rev. Gen. Stat., which now appears as Sec. 4238 C. G. L., 1927. The Crums filed their first bill on August 31, 1928, and the validity of Chapter 9318, Acts of 1923, was not questioned, so far as this record shows, until the amendments were filed to the bill on July 6, 1935. This was after the case of Bailey v. Crum, involving the same parties and concerning the same service of process under the same statute, had been determined below, and was appealed here and decided, and during which time the validity of this statute was never brought in question. It would seem that, by the lapse of time, and by allowing a case involving the same identical points to be decided against them, without raising the question of the validity of the statute under which service of process was had, the Crums would, under these circumstances, be estopped to now raise the question, in an amendment to the bill of complaint in the suit instituted by the Crums. However, invalidity of the statute does not appear from the allegations asserting such invalidity.

No error is made to appear in the order dismissing the amended bill of complaint of the Crums, and it is therefore affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., and BUFORD, J., concur in the opinion and judgment.

THOMAS, J., not participating.