122 So.2d 626 (1960)
J. Tweed McMULLEN, Appellant,
v.
Chester B. McMULLEN, Jr., and Ruth D. McMullen, His Wife, H.H. Baskin, Jr., and Anne H. Baskin, His Wife, Appellees.
No. 1854.
District Court of Appeal of Florida. Second District.
August 19, 1960.
*627 Howard W. Duke, Baya Harrison, Jr., Mann, Harrison, Mann & Rowe, St. Petersburg, for appellant.
Dewey A. Dye, Dye & Dye, Bradenton, for appellees.
ALLEN, Chief Judge.
The appellees, as plaintiffs in the lower court, filed their complaint along with an affidavit of good faith against the appellant, as defendant, seeking specific performance of a contract between the parties whereby the defendant was to purchase certain realty owned by the plaintiffs. Summons was issued and served on the defendant in Pinellas County by the Sheriff of Pinellas County. The defendant then moved to dismiss plaintiffs' complaint on the ground of improper venue as all of the parties are residents of Pinellas County and the cause of action accrued in said county, although the land involved is located in Manatee County. The lower court denied this motion stating:
"This cause coming on to be heard upon defendant's motion to dismiss upon the ground of improper venue and it having been made to appear to the Court by examination of the record and by stipulation of the parties hereto that the defendant at the time of the filing of this action, and at all times material herein, was and is a resident of Pinellas County, Florida, the residence of plaintiffs likewise being in said county, and further that the negotiation, making and the execution of the contract herein involved and the alleged breach thereof occurred in Pinellas County, Florida, whereupon the Court finds that Pinellas County is the county wherein the defendant resides, that the alleged cause of action accrued in Pinellas County, and that the land in litigation is located in Manatee County, and even though the Court recognizes that the suit is one for specific performance, an action in personam; it is
"Ordered, adjudged and decreed that defendant's action to dismiss for improper venue be, and the same hereby is, denied; * * *."
From this order the defendant has taken this interlocutory appeal.
The complaint, which was filed in Manatee County, shows that Chester B. McMullen, Jr., and his wife, Ruth D. McMullen, H.H. Baskin, Jr., and his wife, Anne H. Baskin, are residents of Pinellas County, Florida, and jointly own certain property situated in Manatee County.
It is further shown that J. Tweed McMullen, the defendant, is a resident of Pinellas County, that the transactions involved in this suit took place in Pinellas County so the cause of action accrued in Pinellas County.
The complaint was brought by the owners and sellers of the property to require the buyer to specifically perform his agreement to purchase the property, pay the purchase price, execute the documents necessary for completion of the contract and, in addition to the decree of specific *628 performance, that plaintiffs be compensated for damages occasioned by breach of contract on the part of defendant; that the court retain jurisdiction pending efforts to collect until an execution be issued, and "for entry of such other and further orders as may be necessary and proper and for granting such general relief in the premises as equity may require and to your Honor may seem meet." (Emphasis added.)
The question involved in this case is: "Whether in a suit for specific performance of a contract for purchase and sale of certain realty located in Manatee County, Florida, brought by the sellers against the proposed purchaser, venue is proper in Manatee County on the basis that the real property described in the contract is `the property in litigation,' as contemplated by section 46.01, Florida Statutes [F.S.A.], even though all parties to the suit, including the defendant, are residents of Pinellas County, Florida, and all transactions and the alleged breach of the contract, i.e. the cause of action, arose in Pinellas County?"
Section 46.01, Florida Statutes, F.S.A., provides:
"Suits shall be begun only in the county (* * *) where the defendant resides, or where the cause of action accrued, or where the property in litigation is located."
Kooman, Florida Chancery Pleading and Practice, § 379, Specific Performance, page 823, states:
"Venue.  A suit for the specific performance of a contract to sell land is purely in personam. When a court of chancery has acquired jurisdiction over the person of a party, it may, by virtue of its power to coerce obedience to its decrees, compel him to execute a conveyance or pay the purchase price of land regardless of where it may be situated. Consequently, a suit for specific performance of such a contract need not be brought in the county where the land lies.
"It also follows from the foregoing principle that a suit for the specific performance of a contract to sell lands may be maintained in a Florida court even though the land is located in another state. The decree in such a case cannot operate to transfer title to the land, as it may where the land is situated in Florida, but, under the full faith and credit clause of the Constitution of the United States, it is binding upon the consciences of the parties and concludes them as to all matters properly adjudicated and determined in the suit."
In the case of Enfinger v. Baxley, Fla. 1957, 96 So.2d 538, 540, the Florida Supreme Court, in an opinion by Mr. Justice Roberts, said:
"Section 46.02 places a qualification upon the venue privilege granted to an individual defendant by section 46.01 and to a corporate defendant by Section 46.04. * * * It gives a plaintiff the right to make the final choice of the forum in which his suit will be tried as between the conflicting interests of defendants whose venue privileges, as granted by Section 46.01 and/or Section 46.04, do not fall within the same county. The applicability of the statute is clear where the venue privileges of the defendants are co-equal and not co-existent in the same county. * * * but the individual defendant if sued alone would have the privilege, under Section 46.01, of being sued in Polk County. In this situation we do not think Section 46.02 should be applied to give to a plaintiff the right to choose the forum in which to bring his suit. `The right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he *629 must bring himself within the terms of the exception.' Brady v. Times-Mirror Co., 106 Cal. 56, 39 p. 209, 210.
"We hold, therefore, that where an individual defendant is joined as a party defendant with a foreign corporation defendant, and the corporate defendant has an agent in the county in which the individual defendant resides, Section 46.02 cannot be applied to defeat the individual defendant's venue privilege granted by Section 46.01. Cf. Kauffman v. King, supra, 89 So.2d 24, holding that the joinder of non-resident individual defendants does not defeat the resident defendants' venue privilege granted by Section 46.01."
In the case of Bailey v. Crum, 120 Fla. 36, 162 So. 356, the Florida Supreme Court, in effect, held that a suit for specific performance of an agreement to sell land need not be brought in the county where the land lies. The Court discussed the historical development of the venue statutes and, in its opinion on page 359, said:
"* * * The act of 1887 was designed to perfect the right, already possessed by the creditor, of instituting his suit for the collection of his claim in the county where the cause of action accrued, whether it was the residing place of the defendant or not, by extending to him the further right to send out the process of the court where his suit was brought into any county of the state within which the defendant might be found either permanently or temporarily located, there to be served upon him by any officer there authorized to serve it. By the terms of section 4 of said act of 1887, however, the new right extended by the act to procure service outside of the county in which the suit is brought, is expressly confined and limited to cases that are rightfully brought in counties where the property in litigation is located, or in which the cause of action accrued, or, when there is nothing local in the suit, in a county where one of the defendants resides, where there is more than one defendant. (Emphasis ours.)"
Subsequently the same case came before the Supreme Court styled as Crum v. Baily, 135 Fla. 192, 184 So. 774, 776, and in this suit the Court held that in a suit to set aside a decree pro confesso in a specific performance suit, amendment to the bill of complaint alleged that the cause of action for specific performance did not accrue in county in which specific performance suit had been instituted and that none of the defendants in the specific performance suit resided in such county was insufficient for failure to allege that subject matter of litigation was not located in county in which suit was instituted. The Court, in its opinion, said:
"The third part of the amendment to the bill of complaint, that the cause of action did not accrue in Polk County, nor did the complainants or either of them reside in Polk County, is insufficient, because it fails to allege also that the subject matter of the litigation is not located in Polk County * * *."
We do not construe the decision of the Supreme Court in the case of Crum v. Baily, supra, as overruling its former decision in the case of Bailey v. Crum, supra, in which it held that a suit for a specific performance of an agreement to sell land need not be brought in the county where the land lies.
The historical development of the venue of actions is described under the subject "venue" in Standard Encyclopedia of procedure, Vol. XXV, page 858, et seq., where it is stated:
"1. History of Local and Transitory Actions.  Originally at common law, all actions were local. This arose out of the constitution of the old jury, who were but witnesses and who were presumed to have personal knowledge of the parties as well as *630 of the facts. With the development of the jury system, this rule of the common law was changed in fact, but not in form, by a fiction, out of which certain actions came to be known as transitory, and certain other actions as local.
"2. Distinction Between.  Actions were deemed transitory when the transaction on which they were founded might have taken place anywhere, and local, when the transaction was necessarily local, and could have happened only in a particular place. The unerring test by which it may be determined whether a cause of action is local or transitory, inheres in the nature of the subject of the injury as differing from the means whereby or the place at which the injury was inflicted. The distinction is not between actions in rem and actions in personam. And the origin of the right of action is immaterial."
In one of the notes to the above paragraphs it is stated that Lord Mansfield said:
"`The substantial distinction is, where the proceeding is in rem, and where the effect of the judgment cannot be had, if it is laid in a wrong place.'" Mostyn v. Fabrigas, 1 Cowp. 161, 98 Eng.Reprint 1021.
In the same volume of Standard Encyclopedia of Procedure at page 859, we find the following:
"3. What Actions Are Transitory.  Transitory actions are those based upon transactions which might take place anywhere. They include actions upon contract, even though the contract relates to land, actions of debt, etc. * * *
"4. What Actions are Local.  Local actions, as already shown, are those based on transactions which are necessarily local, by reason of the character and situation of the subject of action. They include the following: all real and mixed actions, actions for damages to real property. * * *
* * * * * *
"Actions for injuries to land can only be committed where the land lies and are necessarily local, at common law. This rule, although often criticized, is followed by the great weight of authority, * * *.
"5. Where Action Brought.  At common law, transitory actions could be brought in any county selected by plaintiff, or wherever the defendant might be found and served with process, regardless of the place where he resided or where the cause of action arose. * * *
"Local actions affecting realty must be brought in the courts of the county where the land is situated, even though both parties reside elsewhere where the action is attempted to be maintained, and though a party would practically be deprived of all remedy because of the non-residence of the defendant. * * *
"* * * Equity cannot directly lay hold of either personal or real property in another county or jurisdiction and administer it. But, if the relief sought does not require the court to deal directly with the estate itself, equity may entertain the bill and by its decree indirectly affect property in another county, by virtue of its jurisdiction over the person. Thus, suits in equity for an accounting, for specific performance of a contract for sale of land, for an injunction, and, it has been held, suits for the foreclosure of mortgages, are transitory and should be brought in the county of the defendant's residence. But actions for partition and to enjoin threatened trespasses to real property are local."
*631 On page 872 of Vol. XXV Standard Encyclopedia of Procedure, Venue, it is further stated:
"Actions for Recovery of Realty.  Actions for the recovery of real property, or of some estate or interest therein, are required to be brought or tried in the county where the subject of action, or a part thereof, is situated. * * * But it does not include an action for specific performance of a contract to convey land, or a suit to enjoin a sale of land under a fraudulent mortgage."
Counsel for the appellees, in their wellprepared brief, argue that while it is true that in an action for specific performance need not be brought in the county where the land is situated, that when the vendor brings the action and as part of his relief under the prayer of his bill is entitled to enforcement of his vendor's lien and the sale of the property, that the court having jurisdiction is the one exercising power where the land is located and has the power to impress the lien and order the sale.
The appellees further argue that their complaint was framed on this basis since in the prayer of the complaint a request that the court retain jurisdiction pending efforts to collect until an execution be issued and "for entry of such other and further orders as may be necessary and proper and for granting such general relief in the premises as equity may require and to your Honor may seem meet." (Emphasis added.)
We do not construe the complaint to be as broad as do the appellees. As a matter of fact, the italicized words above add nothing to the complaint as under the present chancery rules each complaint must contain a demand for judgment or decree for the relief to which the pleader deems himself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to pray for general relief.
A study of the complaint shows it to be one primarily for the payment of money by the defendant to the plaintiffs-appellees, and upon which the appellees on their part will convey their interest in the property to the defendant. Such action is actually a suit for specific performance and historically have been deemed actions in personam and transitory. Venue has been held to be determined by the nature of the principal right asserted and relief sought. Miller v. Howell, Tex.Civ.App. 1950, 234 S.W.2d 925.
The appellees in their reply brief cite and quote from several cases from sister jurisdictions holding that where suits are brought involving specific performance and foreclosure of vendor's rights that they are local in character and must be brought where the land lies. We have examined these cases and find that generally in such jurisdictions statutory provisions differ from Florida statutes applicable to venue.
In the case of Work v. Associated Almond Growers of Paso Robles, 76 Cal. App. 708, 245 P. 790, 791, a suit was brought under a factual situation very similar to the one now before this court. The appellate court, in its opinion, said:
"* * * In determining the nature of an action, resort must be had to the averments of the complaint, and the character of the judgment which might be rendered upon a default * * *.
"In order to give a court power under a statute of the character here involved, to change the place of trial, it must appear that title to land will be directly affected by the judgment of the court, and it will not suffice for it to be incidentally, collaterally or even necessarily inquired into, if the judgment can be satisfied by the payment of money * * *.
"Here it is manifest from the allegations of the complaint and from the prayer that the object of the action and the relief sought is to obtain a money *632 judgment. There is nothing in the complaint which asks for any remedy connected with the property. On the contrary, plaintiffs pray that defendant be required to accept or cause the trust company to accept delivery of the conveyance tendered by the plaintiffs. The title or any interest in the land which was the subject of the sale is therefore in no manner involved, and the judgment sought, if obtained, will not directly operate upon it.

"It has been frequently held in this state that an action to recover the purchase price of land is not a local action, and may be brought in a different county from that in which the land is situated * * *. Nor does the fact that the prayer of the complaint ask that defendant be required to specifically perform its obligation in any manner alter the situation * * *.
"It is manifest from a reading of the complaint that the only relief sought is a money judgment. An action which has for its object the mere recovery of money is essentially an action for debt, and therefore transitory and not local * * *. The instant action not being within the limitation of the section relied upon, the provision cannot be invoked against defendant. The case was therefore properly transferred to the county of the residence of the defendant." (Emphasis added.)
See also State ex rel. Peterson v. District Court of Pine County, 141 Minn. 491, 169 N.W. 420.
We are of the view that the proper venue in this case is Pinellas County where the parties all live and where the cause of action accrued.
We find it necessary to reverse the lower court for further proceedings not inconsistent with this opinion.
KANNER, J., and CARLTON, VASSAR B., Associate Judge, concur.