1827

CHET ADAMS COMPANY, Respondent v. JAMES F. PEDERSEN COMPANY and Heil Quaker Corp., f/d/b/a Zoneaire Corp., Appellants.

(418 S.E. (2d) 337)

Court of Appeals

*T.E. Pedersen*, Charleston, *for appellants.*

*Robert T. Lyles, Jr.*, Charleston, *for respondent.*

Heard April 6, 1992; Decided May 26, 1992.

Reh. Den. June 30, 1992.

SHAW, Judge:

Respondent, Chet Adams Company, sued appellant James F. Pedersen Company, for monies owed on the purchase of equipment from a manufacturer. The manufacturer assigned its rights to the respondent which was the distributor of the equipment. From an order awarding judgment in the amount of $12,381.22 to the distributor, James F. Pedersen Company appeals. We reverse.

The record reveals the following. The James F. Pedersen Company was involved in the renovation of several schools in Colleton County and contracted to buy heating and air conditioning equipment in conjunction therewith. The distributor, Chet Adams Company, is a representative of a manufacturer of heating and air conditioning equipment called Heil Quaker.[1] In procuring the equipment necessary for the job, Mr. Peder-

---

[1] At the time of this transaction, Heil Quaker had recently purchased Zoneaire and the two are treated as one and the same.

sen spoke with an employee of the Chet Adams Company named Danny Thomas. Mr. Thomas quoted a price for the equipment and Mr. Pedersen asked him for his help paring it down. Mr. Thomas quoted an initial price of over $64,000 for the equipment in question, but informed Mr. Pedersen that Zoneaire was closing out this particular unit and that if he dealt with the manufacturer, they might give him a better deal. Mr. Pedersen sent a purchase order acknowledgment showing an amount of $64,000 per the instructions of Mr. Thomas. The manufacturer returned an acknowledgment to the James F. Pedersen Company showing a price of $54,831.12 for the equipment, including sales tax. After receiving this acknowledgment, Mr. Pedersen called the manufacturer to insure the price quoted was the correct amount and he was informed that it was. Mr. Pedersen stated he received invoices from Heil Quaker for the $54,831.12 which he paid in full.

The distributor discovered the manufacturer had made a mistake in billing and contacted them. An employee of the manufacturer testified he subsequently reviewed the file and discovered their writeup clerk had misentered the amount for the equipment thereby underbilling James F. Pedersen Company by some $12,000. Testimony from the distributor implies that a purchase order is not binding on the manufacturer, but is subject to their approval and, if they accept the purchase order after they "check the contractor out," they will write the order up and bill the purchaser.

The trial judge in a bench ruling stated as follows:

> By a preponderance of the evidence, the Court concludes there was a mistake in billing involving the purchase order. Is this mistake in billing to result in no award for the [distributor], or is the mistake of [the manufacturer] thrust upon [the distributor] in this case defensively?
> After a totality of consideration in the matter, the Court concludes and it is ordered that [the distributor] be and hereby is awarded and granted judgment against the [purchaser] in the sum of Twelve Thousand Three Hundred Eighty-one Dollars and Twenty-two cents.
>
> The purchaser contends the trial judge erred in finding the distributor entitled to this sum as the distributor, as assignee, has no greater rights than the manufacturer,

as assignor, and any mistake that resulted in the lower price was the unilateral mistake of the manufacturer. We agree.

The question posed by the trial judge in his oral ruling ■■ suggests it would be inequitable to "thrust" the mistake of the manufacturer upon the distributor. However, the record indicates the distributor's action against the purchaser arises solely by virtue of the assignment by the manufacturer. The contract for the purchase of equipment was between the purchaser and the manufacturer. Generally, the assignee of a non-negotiable chose in action takes it subject to all equities and defenses which could have been set up against the assignor at the time of the assignment. *Dixie Wood Preserving Company v. Albert Gersten and Associates*, 244 S.C. 57, 135 S.E. (2d) 368 (1964). The evidence of record suggests the purchase order sent by the purchaser was not the basis of a binding contract as the manufacturer had the discretion to accept or reject the order.

The question thus becomes whether any mistake in the amount quoted in the manufacturer's acknowledgment and subsequent bill was a mutual mistake or was unilateral on the part of the manufacturer. Clearly, the uncontroverted evidence shows that any mistake which occurred was unilateral on the part of the manufacturer. Mr. Pedersen testified that the manufacturer's representative indicated he may obtain a better price by dealing directly with the manufacturer and that the manufacturer was closing our certain equipment which could be obtained at a cheaper price. He further stated that he contacted the manufacturer to insure the acknowledgment price of some $54,000 was correct and was informed that it was.

It is true a contract may be avoided or reformed on the ■■ ground of mutual mistake of fact where the mistake is common to both parties and, by reason of it, each has done what neither intended. However, if, in the expression of the intention of one of the parties to an alleged contract, there is error, and that error is unknown to, and unsuspected by, the other party, that which was so expressed by the one party and agreed to by the other is a valid and binding contract, which the party not in error may enforce. *L-J, Inc. v. South Carolina State Highway Department*, 270 S.C. 413, 242 S.E. (2d) 656 (1978). Clearly, any suspicion of error was laid to rest

when Mr. Pedersen contacted the manufacturer and the $54,000 figure was confirmed. Accordingly, we find the trial judge erred in granting judgment for the distributor and the order below is therefore reversed.

Reversed.

SANDERS, C.J., and GARDNER, J., concur.