503 S.E.2d 774

**TRUCK SOUTH, INC., Respondent,**

v.

**Sudhir D. PATEL, Appellant.**

No. 2862.

Court of Appeals of South Carolina.

Submitted June 2, 1998.

Decided June 29, 1998.

Rehearing Denied Aug. 19, 1998.

---

James F. Walsh, Jr., of Limehouse & Walsh, Orangeburg, for Appellant.

Arthur C. Boensch, Walterboro; and James B. Richardson, Jr., of Svalina, Richardson & Larson, Columbia, for Respondent.

ANDERSON, Judge:

This appeal requires us to determine which of two South Carolina venue statutes applies when a seller brings an action against the buyer for specific performance of a contract for the sale of land. Sudhir D. Patel, the buyer, appeals Judge Whetstone's decision denying his motion to change venue to his county of residence, as well as Judge Dennis's subsequent order granting summary judgment in favor of Truck South, Inc. We reverse and remand.[1]

## FACTUAL/PROCEDURAL BACKGROUND

In a sales contract dated September 13, 1993, Patel agreed to purchase from Truck South a parcel of real property located near the intersection of I-95 and State Highway 63 [2] in Colleton County, South Carolina. The purchase price was $136,745.00. The contract provided Truck South was to convey the property by a general warranty deed, "free from encumbrances, except as such are herein agreed to be assumed." In addition, the contract contained a section entitled "Covenants of Seller and Conditions and Contingencies of Sale," which provided, among other things, that the "property

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. The order below states the property is located near I-95 and Highway 64, but Highway 63 appears in the description contained in the contract of sale and is the description used by the parties.

is or will be zoned for commercial purposes permitting the construction of a 2–story motel containing not less than 80 units."

Patel entered the agreement with the intention of building a motel on the site, a fact known to Truck South. After executing the contract, Patel obtained a franchise from Hampton Inn. Patel then hired an architecture firm to design and construct the motel.

A few days before construction was scheduled to begin, the architecture firm discovered water on the property. Concerned that this water might qualify the property as federally-protected wetlands, the architecture firm requested an inspection by a federal agent. In a hearing following this investigation, part of the property was declared to be wetlands. This classification prevented Patel from constructing the motel.

Once Patel learned of this problem, he stopped making the payments required by the sales contract. As a result, Truck South instituted this action in Colleton County seeking specific performance of the contract or, in the alternative, damages. Patel moved for a change of venue to Orangeburg County, the county of his residence. Judge Whetstone denied this motion and kept the case in Colleton County, where the property was located.

Patel subsequently filed an answer in which he asserted various defenses and counterclaims, including that (1) the trial court should deny the relief requested by Truck South because the wetlands designation on the property constituted an encumbrance which rendered title to the property unmarketable, and (2) the trial court should rescind the contract because it was premised on a mutual or unilateral mistake of fact. The court, with Judge Dennis then presiding, eventually rejected these defenses and counterclaims and awarded summary judgment in favor of Truck South on all issues. Patel appeals the denial of his motion to change venue and the granting of summary judgment to Truck South.

## ISSUES

(1) Did the trial court err by refusing to change venue to the county where Patel resided?

(2) Did the trial court err in granting summary judgment to Truck South?

## STANDARD OF REVIEW

A motion for a change of venue is addressed to the sound discretion of the trial judge, whose ruling will not be disturbed on appeal unless it appears that manifest legal error was committed. *Turner v. Santee Cement Carriers, Inc.*, 277 S.C. 91, 282 S.E.2d 858 (1981).

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Tupper v. Dorchester County*, 326 S.C. 318, 487 S.E.2d 187 (1997). All ambiguities, conclusions, and inferences arising from the evidence must be construed most strongly against the moving party. *Baugus v. Wessinger*, 303 S.C. 412, 401 S.E.2d 169 (1991).

## LAW/ANALYSIS

### Venue Statutes

Section 15–7–10 of the South Carolina Code provides that an action "[f]or the recovery of real property or of an estate or interest therein or for the determination in any form of such right or interest and for injuries to real property" must be brought in the county where the property is located. S.C.Code Ann. § 15–7–10(1) (1976). On the other hand, section 15–7–30 provides that if section 15–7–10 or some other venue provision [3] does not apply, "the action shall be tried in the county in which the defendant resides at the time of the commencement of the action." S.C.Code Ann. § 15–7–30 (1976).

At issue is whether, when a seller brings an action for specific performance of a contract to sell real estate, venue is proper where the property is located, under section 15–7–10, or where the defendant resides, following section 15–7–30. In denying Patel's motion to change venue to the county of his residence, the trial court, relying primarily on *Barrow v.*

---

3. There are several other venue provisions in the Code which are not applicable in this appeal.

*Gowdy,* 114 S.C. 122, 103 S.E. 477 (1920), concluded Truck South's action for specific performance was an action that would determine the parties' rights or interests in the property. Thus, section 15–7–10 applied, requiring Truck South to bring the action in the county where the property was located.

We disagree with the trial court's interpretation of *Barrow.* In *Barrow* the South Carolina Supreme Court had to decide which venue statute applied to an action brought by a *buyer* for specific performance of a contract for the sale of land. The court concluded the subject matter of the buyer's action was the property itself and held that the predecessor statute to section 15–7–10 applied, requiring the action to be brought in the county where the property was situated.

Although the opinion in *Barrow* is ambiguous as to the respective positions of the parties, the information appears throughout the record on appeal filed with the South Carolina Supreme Court. The case "Statement" prepared by the attorneys in *Barrow,* which is a part of the record on appeal filed with the Supreme Court, states the plaintiff was the buyer seeking possession of the property from the defendant/seller:

This is an action brought by the plaintiff, the vendee, against the defendant, vendor, for specific performance of an agreement alleged to have been made in writing by the defendant, who is a resident of Florence County, to convey to the plaintiff a certain tract of land situate in Clarendon County. Upon the service of the complaint, the defendant gave notice of his intention to move for a change of venue from Clarendon County, wherein the land is situate, and where the action is brought, to Florence County, wherein the defendant resides.

The motion was made before his Honor, Circuit Judge W.H. Townsend, presiding in the Court of Common Pleas for Clarendon County, who refused the motion, from which order refusing the motion this appeal is taken.

The plaintiff's status as the buyer is referenced in the complaint and in the appellate briefs of both parties. The trial judge's order denying the change of venue, which is included in the Supreme Court record, confirms the plaintiff was the buyer seeking specific performance to obtain the property from the seller:

This is a motion, in an action by the vendee for the specific performance by the vendor, a resident of Florence County, of a contract for the sale and conveyance of lands situate in Clarendon County, to change the place of trial from Clarendon to Florence, upon the ground that Clarendon is not the proper place for the trial of the action.

In contrast to *Barrow*, the current appeal involves an action for specific performance of a contract for the sale of land brought by the *seller*, not the buyer. We believe this distinction is critical in determining which venue statute is applicable.

### *Nature of Relief Sought*

■ When a *buyer* brings an action for specific performance of a land sales contract, the plaintiff is clearly seeking the property itself and is asking the court to determine his right in the property. Hence, section 15–7–10 would apply, making venue proper in the county where the property is located. *Barrow*, 114 S.C. 122, 103 S.E. 477.

■ The same analysis does not hold true when the *seller* brings an action for specific performance of a contract for the sale of property. In that instance, the plaintiff is not asking for the property or an order directly affecting title to the property; rather, he is seeking the purchase price of the property due under the contract. Thus, the subject matter of the seller's action is actually money. This leads us to conclude *Barrow* is not controlling when it is the seller, rather than the buyer, who seeks specific performance of a contract for the sale of land because the objects of the suit are different.

Our conclusion that an action by the seller seeking specific performance of a land sales contract should be brought where the defendant resides is in line with well-reasoned authority from other jurisdictions which have considered this issue. *See generally* C.R. McCorkle, Annotation, *Venue of Action for Specific Performance of Contract Pertaining to Real Property*, 63 A.L.R.2d 456 (1958) (and cases cited therein). McCorkle states:

Since an action to compel the specific performance of a contract pertaining to real property is generally classified as in personam and transitory, except to the extent that it is

sought to recover a judgment or decree operating directly on the property, the venue thereof, in the absence of any constitutional or statutory provision to the contrary, is generally held to be in the county in which the defendant resides.

*Id.* at 479. The choice of venue depends on the character of the relief sought:

There is . . . a material difference between the right asserted and the relief appropriate in such an action [for specific performance of a land sales contract] by the vendor and one by the vendee. . . . [I]n most cases, actions merely for the recovery of the purchase price have been treated, as to venue, like other actions for the recovery of money. . . .

*Id.* at 463.

### *General Rule Places Venue Where Defendant Resides; Exceptions Thereto*

 In making this distinction, it may be helpful to briefly review the classification of an action as "transitory" versus "local." Actions triable where the defendant resides are termed transitory, whereas those triable where the subject-matter is located are termed local. *Minnesota ex rel. Nyquist v. District Court of Swift County,* 164 Minn. 433, 205 N.W. 284 (1925). The requirement that actions shall be tried where the defendant resides is the general rule, and the requirement that certain actions shall be tried where the subject-matter is situated is an exception to that rule. *Id.,* 205 N.W. at 285. To bring a case within the exception the subject-matter must be wholly local. *Id.* "Actions on contracts, including those relating to real estate, have always been recognized as transitory." *Id.*

[W]here the subject-matter of an action is land only, and the primary and principal relief sought relates to the land, the action is local and must be tried where the land is situated; . . . where the subject-matter is a contract, and the primary and principal relief sought is to enforce it, or to determine the rights and obligations growing out of it, . . . the action is transitory, and must be tried where the defendant resides,

although it may also involve the determination of rights in or title to real estate.

*Id.,* 205 N.W. at 285–86.

### Decisions of Other Jurisdictions

In *Minnesota ex rel. Nyquist,* quoted above, the Supreme Court of Minnesota considered the proper venue for an action seeking cancellation of a land sales contract on the ground of fraud. The court noted that one of Minnesota's venue statutes provided actions for the recovery of real estate or for the determination of an estate or interest therein shall be tried in the county in which the real estate or some part thereof is located. *Id.,* 205 N.W. at 285. However, the court held that, despite the venue provision concerning real estate, the proper venue for an action where the subject matter (and the primary and principal relief) involves the contract itself is the county in which the defendant resides. *Id.,* 205 N.W. at 286. In analyzing the question before it, the Minnesota court stated actions for the specific performance of land sales contracts are transitory actions:

Actions on contracts, including those relating to real estate, have always been recognized as transitory. *Little v. C., St. P., M. & O. Ry. Co.,* 65 Minn. 48, 67 N.W. 846, 33 L.R.A. 423, 60 Am. St. Rep. 421. Among the actions held to be transitory are the following: An action for the specific performance of a contract, although the judgment may operate to pass title (*State ex rel. v. District Court,* 138 Minn. 336, 164 N.W. 1014; *State ex rel. v. District Court,* 141 Minn. 491, 169 N.W. 420). . . .

*Id.,* 205 N.W. at 285. *See also Minnesota ex rel. Peterson v. District Court of Pine County,* 141 Minn. 491, 169 N.W. 420 (1918) (holding a seller's action for specific enforcement of a contract for the sale of real estate is not wholly local and is properly triable in the county in which the defendant resided).

In *Minnesota ex rel. D.S.B. Johnston Land Co. v. District Court of Pennington County,* 138 Minn. 336, 164 N.W. 1014 (1917), the court stated that an action for the specific performance of a contract to sell land is not wholly local and the place of trial is controlled by the venue statute giving a defendant the right to trial in the county of his residence, not

the statute providing for the trial of actions concerning the recovery of real estate or any interest therein.

The only question presented is whether the action for specific performance of a contract to convey land is local, and within section 7715, G.S.1913, triable only in the county where the land is located. We answer the question in the negative. The rule of the common law, as indicated by the authorities, is that the action is personal in its nature, therefore transitory and triable in the county where the parties reside. In the absence of statutory provisions to the contrary the rule is applied by practically all the courts. 20 Ency. Pl. & Pr. 398–400; *Dehart v. Dehart,* 15 Ind. 167; *Rourke v. McLaughlin,* 38 Cal. 196; *Loaiza v. Superior Court,* 85 Cal. 11, 24 Pac. 707, 9 L.R.A. 376, 20 Am. St. Rep. 197; *Burrall v. Eames,* 5 Wis. 260; *Lindley v. O'Reilly,* 50 N.J.Law. 636, 15 Atl. 379, 1 L.R.A. 79, 7 Am. St. Rep. 802; *Morgan v. Bell,* 3 Wash. 554, 28 Pac. 925, 16 L.R.A. 614; *Brown v. Desmond,* 100 Mass. 269; *Gardner v. Ogden,* 22 N.Y. 327, 78 Am. Dec. 192; *Worthington v. Lee,* 61 Md. 530; *Johnston v. Wadsworth,* 24 Or. 494, 34 Pac. 13; *Massie v. Watts,* 6 Cranch, 148, 3 L.Ed. 181; *Boswell['s Lessee] v. Otis,* 9 How. 336, 13 L.Ed. 164; *Epperly v. Ferguson,* 118 Iowa, 47, 91 N.W. 816; *Close v. Wheaton,* 65 Kan. 830, 70 Pac. 891. While some diversity of opinion may appear in the adjudged cases we have found no well-considered case holding that the action is wholly and entirely in rem, except as pointed out in *Boswell v. Otis, supra,* though there can be no doubt that it may be partly in rem and partly in personam. *Burrall v. Eames,* 5 Wis. 260. In many of the state jurisdictions, including this state, statutes have been enacted requiring the trial of actions involving rights and interests in real property in the county where the land is located, and these enactments have been variously construed by the courts. 36 Cyc. 773. Our statute (section 7715) makes no direct mention of actions for specific performance, though it does provide generally that actions for the determination in any form of an estate or interest in lands shall be tried in the county where the land is situated. We have heretofore construed this statute as applicable only to such actions as are wholly local, as distinguished from those which are partly local and partly transitory.... The action

clearly is not wholly local, and within the rule stated is not controlled by section 7715, but by section 7721, which gives a defendant the right of trial in the county of his residence. *Id.* at 337, 164 N.W. at 1014.

In *Work v. Associated Almond Growers,* 76 Cal.App. 708, 245 P. 790 (1926), the seller brought an action against the buyer requesting (1) the balance of the purchase price; (2) that the buyer be required to accept delivery of the conveyance; and (3) other, "general relief." The California court ruled that a seller's action to recover the purchase price of land and to compel acceptance under the sales contract is properly brought where the defendant resides. The court concluded the general venue provision placing venue where the defendant resided was controlling even though California had a venue statute which stated actions for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, shall be tried in the county where the subject of the action or some part thereof is situated. The court reasoned the object of the seller's suit was simply to obtain a money judgment, and that the subject matter of the complaint and the character of the remedy sought should be analyzed when determining the proper venue:

In determining the nature of an action, resort must be had to the averments of the complaint, and the character of the judgment which might be rendered upon a default. In order to give a court power under a statute of the character here involved, to change the place of trial, it must appear that title to land will be directly affected by the judgment of the court, and it will not suffice for it to be incidentally, collaterally or even necessarily inquired into, if the judgment can be satisfied by the payment of money.

Here it is manifest from the allegations of the complaint and from the prayer that the object of the action and the relief sought is to obtain a money judgment. There is nothing in the complaint which asks for any remedy connected with the property. On the contrary, *plaintiffs pray that defendant be required to accept or cause the trust company to accept delivery of the conveyance tendered by the plaintiffs.* The title or any interest in the land which was the subject of the sale is therefore in no manner

involved, and the judgment sought, if obtained, will not directly operate upon it.

. . . .

It is manifest from a reading of the complaint that the only relief sought is a money judgment. An action which has for its object the mere recovery of money is essentially an action for debt, and therefore transitory and not local. . . . The case was therefore properly transferred to the county of the residence of the defendant.

*Id.,* 245 P. at 791 (citations omitted) (emphasis added). In *Work,* the California court observed that *"plaintiffs. pray that defendant be required to accept or cause the trust company to accept delivery of the conveyance tendered by the plaintiffs."* Thus, the seller sought conveyance of the property to the buyer and the concomitant recovery of the purchase price that remained unpaid.

The District Court of Appeal of Florida applied the reasoning of the California decision, *Work,* in the case of *McMullen v. McMullen,* 122 So.2d 626 (Fla.Dist.Ct.App.1960). In *McMullen,* the court held that an action by the sellers for specific performance of the purchaser's agreement to buy land should properly be brought in the county where the defendant resided, not in the county where the property was located:

A study of the [sellers'] complaint shows it to be one *primarily for the payment of money* by the defendant to the plaintiffs-appellees, and *upon which the appellees on their part will convey their interest in the property to the defendant. Such action is actually a suit for specific performance* and [these suits] historically have been deemed actions in personam and transitory. Venue has been held to be determined by the nature of the principal right asserted and relief sought.

*Id.* at 631 (emphasis added). In *McMullen,* the court stated that the plaintiff was primarily seeking the payment of money—*"upon which the appellees on their part will convey their interest in the property to the defendant. Such action is actually a suit for specific performance. . . ."* Thus, *McMullen* addressed the issue as one of specific performance.

## CONCLUSION

■ Because the object of Truck South's action for specific performance of the land sales contract is essentially recovery of the purchase price under the contract, a money judgment, and the judgment does not directly operate to change title, we hold Patel has the right under section 15–7–30 of the South Carolina Code to defend this action in the county of his residence. The trial court's decision to deny him this right was error, and we reverse. We also reverse the court's granting of summary judgment to Truck South and remand for further proceedings consistent with this opinion because, having found the court improperly refused to change venue to Patel's county of residence, the court was without authority to consider the summary judgment motion. *Royster v. Eastern Distrib., Inc.,* 301 S.C. 18, 389 S.E.2d 863 (1990) (where circuit court erred in failing to transfer venue to county of defendant's residence, its granting of summary judgment was error as the motion for summary judgment must be heard and judgment entered in the county of appropriate venue).

**REVERSED and REMANDED.**

HOWARD, J., concurs.

HEARN, J., dissents in a separate opinion.

HEARN, Judge, dissenting:

Respectfully, I dissent. Judge Whetstone did not err in refusing to change venue. Likewise, Judge Dennis's grant of summary judgment was proper.

### I. Venue

The plain language of South Carolina Code section 15–7–10(1) requires that Truck South's lawsuit against Sudhir D. Patel be brought in Colleton County, the county where the property is located. S.C.Code Ann. § 15–7–10(1) (1977). Section 15–7–10(1) applies to any action that requires a determination of any "right or interest" in real property. Because this is an action for specific performance of real estate, it clearly affects rights and interests in real property.

The majority relies on *Barrow v. Gowdy,* 114 S.C. 122, 103 S.E. 477 (1920), to hold that although *buyers* of real property

have a right to bring a cause of action in the county where the property is located, *sellers* do not. A reading of *Barrow,* however, does not support the distinction imposed by the majority. The entire text of *Barrow* states:

The sole question raised by this appeal is whether the county designated for the purpose of trying the action in the complaint is the proper county or not.

The defendant is a resident of Florence county, and plaintiff is seeking specific performance of a contract to convey land situate [sic] in Clarendon county and brought his suit for specific performance in the court of common pleas for Clarendon county. A motion was made before Judge Townsend to change the venue from Clarendon county to Florence county, which motion was refused.

The exceptions must be overruled. The subject-matter of the action is the land situated in Clarendon county, and the place of trial is regulated by Code of Civil Procedure of 1912, § 172. The action is one to determine the right or interest of the plaintiff in real property situated in Clarendon county, and must be tried in Clarendon county, where the land is situated.

The opinion omits any reference to the parties' relationship and includes no reasoning to support the majority's holding. Despite the majority's efforts to go behind the opinion to ascertain the identities of the parties, nothing in the opinion limits its holding to actions commenced by buyers. Moreover, the majority's assumption that the relationship of the parties is a critical distinction finds no support in the opinion. Indeed, even the Annotation quoted by the majority notes that a defendant's right to trial in the county of his residence is subject to contrary constitutional or statutory provisions. C.R. McCorkle, Annotation, *Venue of Action for Specific Performance of Contract Pertaining to Real Property,* 63 A.L.R.2d 456, 479 (1958). This same Annotation cites *Barrow* twice to illustrate the South Carolina rule that the proper venue of an action for the specific performance of a contract pertaining to real property is the county where the property is located. *Id.,* 63 A.L.R.2d at 469–70 n. 3 & 483 n. 9. Today, the majority carves out a dangerous distinction between buyers and sellers who bring actions for specific performance, a distinction which transcends anything expressed or implied in

*Barrow.*[1] Neither the plain language of section 15–7–10 nor *Barrow* supports the decision of the majority that the statute applies only to actions for specific performance brought by buyers.

The majority also recasts Truck South's lawsuit as one for money damages, a characterization which is simply not supported by the facts. The parties executed a contract for the sale of land in September 1993. Title to the subject property was to be conveyed when Patel had paid the purchase price. Patel partially performed under this title retention contract, but then ceased making payments in March 1995. Truck South's Complaint seeks, first and foremost, to require Patel to specifically perform under the contract. Truck South requested damages only in the alternative, in the event the court denied its request to enforce the contract governing conveyance of the property.

Although courts from Florida, California, and Minnesota have chosen to recharacterize specific performance actions as "essentially for damages" when these actions are initiated by sellers, these holdings deny the right of equitable relief to sellers, and create confusing distinctions for the bench and bar. These holdings also overlook the traditional presumption that sellers of real property, as well as buyers, are entitled to specific performance in disputes arising from land sale contracts. *See* Lawrence V. Berkovich, *To Pay or to Convey?: A Theory of Remedies for Breach of Real Estate Contracts,* 95 Ann. Surv. Am. L. 319, 319–20 (1995) (noting courts have traditionally presumed that sellers of real property, as well as buyers, are generally entitled to specific performance in disputes arising from real estate contracts).

Any payment received by Truck South in exchange for the property is a necessary accompaniment to the conveyance of the property and does not alter the true nature of the lawsuit.

---

**1.** Judge Whetstone also indicated that a *lis pendens* had been filed with the Clerk of Court for Colleton County. In the event the action was transferred to Orangeburg County, he noted, persons searching the record to ascertain and certify title would be placed under the burden of also searching the records in Orangeburg County. The policy reasons for requiring an action for specific performance to be brought in the county where the property is located support application of section 15–7–10(1) to *both* buyers and sellers.

*See First Nat. Co. v. Strak,* 148 S.C. 410, 418, 146 S.E. 240, 242 (1929) (citing *Barrow* and refusing to recharacterize an action for foreclosure as an action for debt). This action was pled as a suit for specific performance; therefore, under *Barrow,* it must be tried in the county where the land is situated.

## II. Summary Judgment

I would also affirm Judge Dennis's decision to grant summary judgment to Truck South. No material issues of fact are in dispute. First, Patel confuses the concepts of marketability, use, and value. Classification of property as wetlands does not constitute an encumbrance. *McMaster v. Strickland,* 305 S.C. 527, 530, 409 S.E.2d 440, 442 (Ct.App.1991), *rev'd in part on other grounds,* 322 S.C. 451, 472 S.E.2d 623 (1996). Second, the record contains no evidence of either unilateral or mutual mistake. *See Smothers v. Richland Mem. Hosp.,* 328 S.C. 566, 573, 493 S.E.2d 107, 110 (Ct.App.1997) *and Chet Adams Co. v. James F. Pedersen Co.,* 308 S.C. 410, 413, 418 S.E.2d 337, 339 (Ct.App.1992), *cert. denied,* (Nov. 5, 1992) (discussing requisites for equitable relief from unilateral and mutual mistakes). Neither Truck South nor Patel knew of the property's condition prior to the agreement nor that it might not be suitable for construction. Third, contrary to Patel's contentions, there is no evidence of "inequitable circumstances or hardship." As the trial judge noted, "The evidence here indicates not that the Contract failed to reflect the parties' intentions, but that it failed to include a provision protecting the defendant from an unforseen circumstance."

Accordingly, I would affirm.