Ida D. McMASTER, Florence D. Fishburne, and Elizabeth D. Martin, Respondents v. Charles R. STRICKLAND, Appellant.

(472 S.E. (2d) 623)

Supreme Court

*J. Dwight Hudson,* Myrtle Beach, *for Appellant.*

*Joseph D. McMaster,* of *Tompkins and McMaster,* Columbia, *for Respondents.*

Heard May 9, 1996.

Decided July 1, 1996; Reh. Den. July 24, 1996.

TOAL, Justice:

In this action for specific performance of a land sales contract, Appellant Charles Strickland appeals the Special Referee's award of both general damages and specific performance to the sellers. Strickland also appeals the award of attorney's fees to the sellers. Because general damages and specific performance are alternative remedies, we reverse the award of specific performance but retain the general damages award.

## FACTUAL/PROCEDURAL BACKGROUND

On October 2, 1987, Charles Strickland ("Purchaser") entered into a contract with Respondent McMaster, Fishburne, and Martin ("Sellers") for the conveyance of a .74-acre tract of land in North Myrtle Beach. The contract price was $50,000, and the contract contained a clause providing for attorney's fees as well as the right to bring an action for damages or specific performance if a party defaulted. A few months later, when Purchaser discovered the land was to be classified as wetlands, he informed Sellers that he no longer intended to purchase the property.

Sellers brought an action for specific performance/breach of contract. Purchaser contended he was entitled to rescind the contract, and the trial judge agreed. The Court of Appeals reversed, finding Purchaser was not entitled to rescission. *McMaster v. Strickland*, 305 S.C. 527, 409 S.E. (2d) 440 (Ct. App. 1991). In its opinion, the Court of Appeals remanded the case for a determination of the appropriate remedy, noting the decision to grant or deny specific performance is discretionary with the trial judge.

On remand, the Special Referee found that Sellers had an adequate remedy at law and awarded $49,000 in general damages, plus $16,500 in attorney's fees. Purchaser moved for reconsideration. In his amended order, the Special Referee retained the damages award and the finding that Sellers had an adequate remedy at law; nevertheless, he ordered conveyance of the property upon satisfaction of the judgment. Purchaser appeals.

## LAW/ANALYSIS

### A. *Award of Both Specific Performance and General Damages*

Purchaser first argues the Special Referee erred in granting both general damages and specific performance. We agree.

In his original order, the Special Referee declined to order specific performance, finding Sellers had an adequate remedy at law. He awarded Sellers $49,000 in money damages, the difference between the contract price ($50,000) and the fair market value of the property at the time of the breach ($1,000). *See, e.g. Bannon v. Knauss*, 282 S.C. 589, 320 S.E. (2d) 470 (Ct. App. 1984) (stating formula for damages for breach of contract for the conveyance of land). Although it is not part of the Record, Purchaser apparently moved for reconsideration, arguing that the damages award gave a "windfall" to Sellers.

In response to Purchaser's motion for reconsideration, the Special Referee amended his order to require that "upon satisfaction of the above-stated judgment by the Defendant/Purchaser, Plaintiffs/Sellers will deliver and tender unto the Defendant, a deed to the property described herein." Like the original order, the amended order finds Sellers had an adequate remedy at law.

General damages and specific performance are *alternative* remedies, and it is inconsistent to order both of them for the same wrong. *E.g., Anderson v. Redmon*, 213 S.C. 49, 48 S.E. (2d) 591 (1948). Therefore, the Special Referee erred in attempting to order both remedies.

This error was unjust to Sellers, not Purchaser. Had the Special Referee awarded general damages only, Sellers would have received their actual damages, $49,000, but would not have had to convey the land. Had he awarded only specific performance, Sellers would have received the full contract price for the land, $50,00, and would have conveyed it in exchange for the $50,000. As it is, the order requires Sellers to convey the land for only $49,000, thus denying Sellers the full benefit of the negotiated contract. Purchaser, however, receives a windfall by getting the land for less than he bargained to pay for it.

We reverse that portion of the order requiring conveyance of the land upon satisfaction of the judgment. Neither party

has appealed the Special Referee's finding that Sellers have an adequate remedy at law. Therefore, we affirm the award of $49,000 in general damages.

B. *Grant of Relief not Requested in Complaint*

Purchaser next argues that upon determining specific performance was not warranted, the Special Referee should nave dismissed the action without granting general damages. Purchaser reasons Sellers did not request general damages as an alternate remedy in their complaint and should, therefore, be limited to the remedy they requested; *i.e.*, Sellers should receive specific performance or nothing. We disagree.

The Court faced a similar question in *Mortgage Loan Co. v. Townsend*, 156 S.C. 203, 152 S.E. 878 (1930). The plaintiff in *Townsend* alleged that the assignment of certain bonds was fraudulent and sought rescission or cancellation of the assignment. The circuit court simply awarded the plaintiff money damages. On appeal, the appellants argued (1) that a plaintiff "in an action in equity, as well as one in law, has no right usually to recover upon a theory not supported in anywise by the allegations of his complaint" and (2) that the plaintiff was not entitled to money damages because "plaintiff's complaint sought only the rescission of the assignments, and . . . contained no allegation looking to the recovery of money damages." *Id.* at 225, 152 S.E. at 885-86.

The Supreme Court held that "[i]f the facts alleged are broad enough to warrant relief, it matters not how narrow the specific prayer may be if the bill contains a prayer for general relief." *Id.* at 225, 152 S.E. at 886 (citations omitted). The Court found the allegations of the complaint (and answer) sufficiently supported an award of money damages, given the complaint contained a prayer for general relief.

In addition to a prayer for specific performance, the complaint in this case contains a prayer for general relief. (*See* R. p. 22: "Granting such other or further relief as the Court deems just and proper"). Furthermore, the factual allegations of the complaint support an award of money damages; the complaint is captioned "Breach of Contract" and pleads just such a breach. Under *Townsend*, therefore, the award of money damages was appropriate. *See also, e.g., Charles County Broadcasting Co. v. Meares*, 270 Md. 321, 311 A. (2d) 27

(App. 1973) (where prayer in specific performance action also contained prayer for general relief, award of "loss of bargain" damages was appropriate), *overruled on other grounds by Beard v. S/E Jt. Venture*, 321 Md. 126, 581 A. (2d) 1275 (App. 1990).

## C. *Attorney's Fees*

Purchaser next argues the Special Referee erred in awarding attorney's fees without making specific findings of fact as required by *Blumberg v. Nealco, Inc.*, 310 S.C. 492, 427 S.E. (2d) 659 (1993). The Special Referee should have made specific findings about each of the six factors to be considered in determining an appropriate attorney's fee. Nevertheless, the Record contains ample support for each of the six factors, and the evidence presented justifies the fee awarded. We find no reversible error.

## CONCLUSION

We strike the portion of the Special Referee's order requiring conveyance of the land upon satisfaction of the judgment. Fort the foregoing reasons, the amended order of the Special Referee is AFFIRMED IN PART AND REVERSED IN PART.

FINNEY, C.J., and MOORE, WALLER and BURNETT, JJ., concur.